JUDGE HABDIN
delivered the opinion oe the court:
On the 7th day of September, 1865, a judgment in accordance with the finding o|T the jury was rendered for the appellee against Meadows, who filed grounds and moved the court for a new trial on a subsequent day, which motion being overruled, the defendant excepted, and moved the court to give him time until the first day of the next term to file a bill of exceptions, which was done.
During the next succeeding term of the court, but on a day subsequent to the first day thereof, the following order was made :
“ This day came the defendant, and, on his motion, the order made at the last term of this court, giving time until the first day of this term, is so amended as to give him until the present term of this court, it being the opinion of the court that that was the order directed to be made at the time, and same is made now for then; and the defendant produced his bill of exceptions herein, signed, sealed, and enrolled as the manner is, and to be noted upon the record and copied, but not to be copied at large upon the record; to which opinion the plaintiff excepts.”
Section 364 of the Civil Code provides, that “ the party objecting to the decision .must except at the time the decision is made, and time may be given to reduce the exceptions to writing, but not beyond the succeeding term.”
*106 In Freeman vs. Brenham, &c., 17 B. Monroe, 609, it was said by this court, that “it has been decided by this court, that when time has been given to file a bill of exceptions, and a day fixed for that purpose, and no notice has been taken of it on that day, it wall not be noticed on a subsequent day, and the opportunity for filing it is entirely lost. The opposite party may be expected to be in court on that day, and upon no other, unless the subject is called up on that day and postponed to another.”
The principle here announced, and the reasons assigned for it, have been fully recognized by this court in other decisions, and sound policy, and the security of the rights of litigants, seem to us to require that they should be strictly adhered to.
As no bill of exceptions was offered on the day given for filing it, and no notice was taken of the subject, we cannot regard the bill of exceptions copied in the transcript before us as a legitimate part of the record; and disregarding it, as we are constrained to do, the sufficiency of the judgment under the issues presents the only question properly before this court; and as we perceive-no substantial error in the judgment, the same is affirmed.