JUDGE HARDIN
delivered the opinion oe the court.
The judgment from which this appeal is prosecuted was rendered on the 8th day of June, 1868, and a motion of the plaintiff for a new trial as to Villier was overruled on the 27th of that month, and two weeks were then allowed the plaintiff to file a bill of exceptions; and on the 11th of July, 1868, one week further was given to file said bill. No further order was made until the 25th of July, 1868, when the court made an order purporting to extend said time one week; and again, on the 1st day of August, 1868, the court ordered that further time be allowed to file said bill, until the 19th of September, 1868. The bill of exceptions was not then filed; but afterward, on the 26th of September, 1868, a bill of exceptions was filed, which is certified as containing the evidence which was heard on the trial, upon which it is insisted for the appellant that the court erred in instructing the jury peremptorily to find for Villier.
It is argued for the appellee, on the authority of the decisions of this court in the cases of Freeman v. Brenham, &c., 17 B. Mon. 609, and Meadows v. Campbell, 1 Bush, 104, that the bill of exceptions, not having been filed in proper time, can not be regarded as a legitimate part of the record.
Section 364 of the Civil Code, cited and construed in the cases referred to, provides that “the party objecting to *29 the decision must except at the time the decision is made; and time may be given to reduce the exceptions to writing, but not beyond the succeeding term.” And the act establishing the “Jefferson Court of Common Pleas” (Myers’s Supplement, 560) provides that “the same practice, ... as far as applicable, shall prevail in the said court as in the circuit courts.” But although by the 5th section of said act appearance terms of said court are prescribed, beginning on the first Monday in January and fourth Mondays in April and September, and trial terms are also prescribed, beginning on the second Monday in October, the second Monday in February, and fourth Monday in May, it is further provided by an amendatory act, passed in 1866 (Myers’s Supplement, 770), that said court “shall continue from term to term, and be considered always open whenever the business shall require it.” And the last cited act further provides that “'all the terms of said court shall be terms for appearance and trial of causes, as the terms of circuit courts in this state now are; and the said court shall have the same power and for the same length of time over its judgments as the chancellor of the Louisville Chancery Court now has over its judgments.”
The power of the Louisville Chancery Court over its judgments is regulated by section 800 of the Civil Code, which provides that “the power which the court has heretofore bad over its orders and decrees during the term in which they are rendered shall continue, as to any final judgment or order, for sixty days after its rendition.”
Under these enactments, it seems to us that the court of common pleas has the same power over its final judgments for sixty days that the circuit courts have during *30 the same terms in which such judgments were rendered. But whether the time for filing a bill of exceptions' may not, by the rules of practice which the court is authorized to adopt, be restricted within a shorter period of time than sixty days, we are of the opinion that the enactments referred to do not contemplate the exercise of that right after the expiration of sixty days from the rendition of a final judgment. But if under any circumstances the court was authorized to extend time to file a bill of exceptions to a day beyond the period of sixty days from the judgment, such a day having been fixed and passed without any notice of the subject being taken, there can be no doubt that the opportunity for filing a bill of exceptions was entirely lost. (Freeman v. Brenham, &c., and Meadows v. Campbell, supra.)
Therefore the bill of exceptions filed on the 26th of September, 1868, can not be regarded as part of the record; and the judgment considered with reference to the pleadings does not seem to be erroneous.
Wherefore the judgment is affirmed.