CASE 12—PETITION ORDINARY—December 18.

# Smith, &c. v. Blakeman.

### APPEAL FROM TAYLOR CIRCUIT COURT.

1. A CAUSE MAY BE LEGALLY TRIED BY A SPECIAL JUDGE, elected by the members of the bar, one of the parties not consenting thereto.

2. Section 1, article 13, chapter 27, Revised Statutes, authorizing the election of special judges, was not repealed by section 20 of the act of March 5, 1860 (Myers's Supplement, 78), entitled "an act to amend and reduce into one the law in relation to changes of venue in criminal and civil cases in the circuit courts." The circuit judge, being of counsel, could not properly preside in this case. When it was reached by a call of the docket it was his duty to give place to a special judge for the trial of the action, provided such judge could be obtained in the mode prescribed by law.

3. FURTHER TIME TO COMPLETE AND FILE A BILL OF EXCEPTIONS, given at the next succeeding term, *must be given to a day certain in that term.*
    After the motion for a new trial was overruled an order was made giving the defendants until the third day of the succeeding term to prepare and file their bill of exceptions; and on that day this order was made: "This day came the defendants by attorney and presented their bill of exceptions, and they not being completed, *further time is given them to complete and file the same.*" Two days afterward they appeared and were allowed to file what purports to be their bill of exceptions, notwithstanding the objections of the plaintiff. The order allowing the bill of exceptions to be filed is held to be unauthorized and void, and the paper copied in the record is regarded as having no legal validity.

4. *The plaintiff did not waive his right to object to the filing of the bill of exceptions* by reason of any assistance given by his counsel out of court in its preparation.

RUSSELL & AVRITT, . . . . . . . . For Appellants,

CITED

Act of March 5, 1860, sec. 20, Myers's Supplement, 80.
Constitution of Kentucky, section 28, article 4.
Revised Statutes, article 13, chapter 27.
Civil Code, sections 363, 364, 367.
17 B. Monroe, 609, Freeman v. Brenham.

Smith &c. v. Blakeman.

WM. H. CHELF, . . . . . . . . . . . For Appellee,

CITED

Act of March 5, 1860, sec. 20, Myers's Supplement, 80.
Revised Statutes, 1 Stanton, 321.
Myers's Supplement, 136, 693.
7 B. Monroe, 609, Freeman v. Brenham.
2 Metcalfe, 425, Vandever v. Griffith.
1 Bush, 104, Meadows v. Campbell.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The first question presented by this record is whether or not the cause could be legally tried by a special judge elected by the members of the bar, the appellants not consenting thereto.

Section 1, article 13, chapter 27, Revised Statutes, authorizes the election of special judges when from any cause the regular judge shall fail to attend his court, or, if in attendance, will not or can not properly preside in a cause or causes pending therein. It is insisted, however, that the 20th section of an act approved March 5, 1860 (Myers's Supplement, Revised Statutes, page 78), repeals so much of the Revised Statutes as authorized the election of a special judge to try causes in which the regular judge can not preside. This section provides that "if from any cause the judge of the court can not properly preside in any civil action, the parties to such action may by agreement select some one of the attorneys practicing at that court to try the same. . . . But if the parties fail to make such agreement, the judge shall order the venue to be changed to the nearest county, in some adjoining circuit, most convenient to the parties and their witnesses."

It is difficult to conceive how this act can be obeyed without disregarding the section of the Revised Statutes referred to. Yet inasmuch as the statute, which seems to be repealed by implication, was evidently enacted in obedience to the 28th section of the 4th article of the State Constitution, which requires the General Assembly to "provide by law for holding

circuit courts when from any cause the judge shall fail to attend, *or, if in attendance, can not properly preside,*" it is equally difficult to conclude that it was the intention of that body to disobey this mandatory clause of the organic law. In January, 1866, still another act relating to this subject was passed. (Myers's Supplement, page 693.) It is entitled "An act to amend the 13th article of the 27th chapter of the Revised Statutes, title ' Courts.'" It makes no reference whatever to the act of March 5, 1860. It provides "that it shall be the duty of the judge or chancellor holding any court, when an action in equity or ordinary is reached on the docket of the court by a call of the docket in which the judge or chancellor will not or can not properly preside, to give place immediately to a special judge for the trial of such action, so that said action may be tried or otherwise disposed of in its turn on the docket. *Provided,* that if there should be a failure to obtain a special judge in the mode now prescribed by law, the case shall stand continued until the next term, unless either party desire a change of venue. In which event, upon the motion of either party, the judge or chancellor shall, for the causes, upon the conditions, and in the mode now provided by law in cases of changes of venue, order the change of venue to that county of an adjoining circuit most convenient for a speedy trial of the case."

In the cause under consideration the presiding judge, being of counsel, could not properly preside. When it was reached by a call of the docket it was clearly his duty to give place to a special judge for the trial of the action, provided such judge could be obtained in the mode prescribed by law. Although the act of 1866 uses the term mode, there were in point of fact at the time of its passage two modes by which a special judge might be selected. Article 13, chapter 37, Revised Statutes, authorized the members of the bar in attendance to elect, and the same article, as well as the act

of 1860, empowered the parties by agreement to make the selection. In so far as these conflicting statutes can be reconciled they must each be enforced. Under the last neither party had the right to a change of the venue until there had been a failure to obtain a special judge in the modes prescribed by law—by an agreement of the parties, or by an election by the attorneys in attendance upon the court. This construction accords with the plain letter of the constitution, and must be adopted, unless we conclude that the legislature intended to disregard that instrument, a conclusion wholly inadmissible.

It is objected that the act of 1866 is void because its title does not express the subject-matter embraced by it; that the act of 1860 repealed the 13th article of chapter 27, Revised Statutes, and hence that there was no such article to amend. If it be conceded that the act of 1860 repealed any portion of that article, it certainly left in full force that portion providing for the election of a special judge when from any cause the regular judge failed to attend. Such being the case, the fallacy of this objection is apparent. For these reasons we conclude that the action of the members of the bar in holding the election for the special judge, and the trial of the cause by that officer after being so elected, were acts clearly within the spirit of the statutes regulating proceedings in cases in which the regular judge will not or can not properly preside.

The second question presented is whether the bill of exceptions can be considered by this court.

After the motion of appellants for a new trial had been overruled, an order was made giving them until the third day of the succeeding term to prepare and file their bill of exceptions. On that day this order was made: " This day came the defendants by attorney and presented their bill of exceptions, and they not being completed, further time is given them to complete and file the same." Two days afterward they appeared and were allowed to file what purports to be their bill

of exceptions, notwithstanding the objections of the appellee.
The 364th section of the Civil Code of Practice authorizes
time to be given not beyond the succeeding term for the
preparation and filing of bills of exceptions, but such exten-
sions ought to be to a day certain in the term.    For sufficient
reasons further extensions may be given from one day certain
to another during said term.    (Freeman v. Brenham, &c.,
17 B. Monroe, 609; Downing v. Bacon, Ms. Opinion, 1871.)
But the security of the rights of litigants, and every consid-
eration of sound policy, demands that this provision of the
Code shall not be so construed as to give the courts the
authority to so make extensions of time as to unnecessarily
harass or endanger the rights of the successful party, whose
judgment is presumptively correct, by making it necessary for
him with his counsel, and possibly his witnesses, to be present
in court every day during the entire term to which the exten-
sion has been made.    In this case the court gave time indefi-
nitely, or at least until the last day of the term.    If valid, the
order placed the appellee completely at the mercy of the
opposite party, unless he saw proper to remain in court from
day to day till the term expired, or until the appellants chose
to call up the case and present their bill of exceptions.    The
great injustice that might result from such a construction of
the Code is so manifest that we regard amplification as wholly
unnecessary.    We are of opinion that the order in question
was unauthorized and void, and, being so, that it was not
necessary that the appellee should have excepted to it at the
time it was made.    He did object to the filing of the bill of
exceptions when presented, and excepted to the order allowing
it to be filed; and as appellants had failed to take notice of
such bill in any legal manner on the third day of the term, his
objections should have been sustained.    Nor did he waive the
right to so object by reason of any assistance given by his
counsel *out of court* in the preparation of said bill.

For these reasons we do not regard the paper copied into the record, and purporting to be a bill of exceptions, as having any legal vitality. Wherefore we are precluded from inquiring into the merits of the controversy, and must affirm the judgment of the court below.

Judge HARDIN does not concur in this opinion so far as it relates to the bill of exceptions, and to the order giving the second extension of time for the preparation of the same.