UNITED LIFE, FIRE & MARINE INSURANCE CO. *v.* F. M. EIGENMORE, ETC.

**Appeal—Bill of Exceptions, when not Part of Record.**
    A bill of exceptions which was not filed within the time allowed by the court, or within the authorized extension of time, is not a part of the record on appeal.

APPEAL FROM KENTON CIRCUIT COURT.

February 28, 1873.

OPINION BY JUDGE LINDSAY:

There can be no doubt but that the petition as amended discloses a cause of action in favor of these appellees.

We are of opinion that the paper copied in the record purporting to be a bill of exceptions can not be considered by this court.

Time was given to prepare and file a bill of exceptions till the third day of the term succeeding the judgment. On that day no bill was filed nor does any notice of the subject appear upon the record.

The extension of time made on the second day of the term was unauthorized. The order made on the 5th of January giving an indefinite extension of time, was also void. It does not appear from the record that appellees in any way waived their rights to take advantage of these errors. Their objections to filing the paper on the 21st of January should have been sustained. *Freeman v. Brenham,* 17 B. Monroe 604; *Meadows v. Campbell,* 1 Bush 104; *Smith v. Blakeman,* 8 Bush 476. Without a bill of exceptions, it is evident that this court can not reverse the action of the court below.

The judgment must be *affirmed.*

*Webster, for appellant.*

*Myers, for appellees.*