ADAMS EXPRESS COMPANY *v.* W. C. GOODLOE.

**Bill of Exceptions—Extension of Time for Filing.**

   When the court by consent of the parties extends the time for presenting a bill of exceptions to the 10th day of the month, but appellant presents them on the 8th day of the month, at a time when appellee's attorney was absent and had no opportunity to examine it, the court of appeals will not consider it.

APPEAL FROM FAYETTE CIRCUIT COURT.

October 27, 1874.

OPINION BY JUDGE PRYOR: .

On May 31, 1872, time was given the appellant until the first day of the next February term to present the bill of exceptions. On February 3, the time was extended until the tenth day of the term by consent, and on February 28 the exceptions were signed and ordered to be made part of the record. This all appears from the order made in open court in the case. The judge, in the bill of exceptions signed, states "that by consent of parties the time for the production and filing the bill of exceptions is extended ten days and that on February 8, 1879, the defendant produced to the court his bill of exceptions and asked that they might be made part of the record, which is done." It is evident that the appellees consented that the extension might be made until the tenth day of the term, and there is no inconsistency between this order and the statement by the court in the bill of exceptions as to the time. If produced on the tenth day of the term, it was the duty of counsel, by reason of the order, to have been present on that day, and if he failed to do so, he could not afterwards complain that he had no opportunity of

examining what had been tendered by his adversary as the evidence in the case.

The order of the court must be regarded as the best evidence of the consent by appellee, and particularly when there is no real conflict as to the time when the evidence was to be produced between the recital in the order and the statement of the judge. The bill of exceptions was handed to the judge on February 8. This was not in accordance with the consent order, and to hold the contrary would have kept the client or his counsel in court every day until the tenth, looking out for the filing of the bill of exceptions. Nor does this work any hardship on the appellants. The case was tried in August, 1872. There is no reason assigned why the time for filing was extended till the first day of the next February term. It is to be presumed, however, that the reason assigned was sufficient. Still, on the first day of that term, no bill of exceptions is filed or tendered, and now when from the record it is filed at a time when appellee was not present, and when not required to be present, then appellant should not complain when the paper offered as the bill of exceptions is disregarded. The case of *Smith, et al., v. Blakeman,* 8 Bush 476, is conclusive of this case. It is true the parties may make a correct order by which they will be governed; but in this case the correct order protects the appellee from the injustice that might result to litigants if the party complaining of a judgment is allowed, at any time to render and file his bill of exceptions. *Judgment affirmed.*

*Z. Gibbson, for appellant.*

*John B. Huston, for appellee.*