C. S. LONGEST, ET AL., *v.* E. D. TYLER.

**Bills of Exceptions—Practice.**

> Under the provisions of Sec. 364 of the Civil Code and the act of 1865 (Myers's Supplement, Sec. 560), the time to prepare and file a bill of exceptions cannot legally extend for a period of eight months. The time for reducing to writing and filing a bill of exceptions cannot be extended beyond the succeeding term of the court.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 22, 1876.

OPINION BY JUDGE PRYOR:

The preliminary question made by counsel for the appellee dispenses with the necessity of determining this case upon the merits. This court during the present term in the case of *Conner v. Seabolt* adjudged that the bill of evidence accompanying the record could not be regarded for the reason that it was not filed within the time prescribed by law. The motion for a new trial in the present case was overruled on the 3rd of July, 1875, and the time to prepare and file a bill of exceptions extended to the 8th of the month; a further extension was then made until the 27th of September, when a bill of exceptions was tendered. The time of filing was then extended from week to week, and at last filed on the 18th of March, 1876, a period of eight months and fourteen days from the time the motion for a new trial was overruled. The appellee was in court objecting to the delay and his objections were disregarded. Section 364 of the Civil Code provides: "The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term." This court in various cases has contrued this section of the Code as applying to the filing of the bill of exceptions as well as its preparation. *Smith, &c., v. Blakeman,* 8 Bush 476; *Freeman v. Brenham,* 17 B. Mon. 480; *Tweedy v. Commonwealth,* 2 Metcalfe 378.

The Act of 1865 establishing the Court of Common Pleas, Myers's Supplement, 560, fixes the terms of that court, and by an amendment to this act passed in February, 1866, it is provided that "said court shall continue from term to term and be considered always open whenever the business shall require it." It is also provided that "all the terms of said court shall be terms for the appearance and trial of causes, etc., and the said court shall have the same power for the same length of time over its judgments as the chancellor of the

Louisville Chancery Court now has over its judgments." This power
as to any final judgment or order shall continue for sixty days after
its rendition. We find no decree of this court adjudging that the
terms of the court of common pleas have been repealed, but on the
contrary in the case of *Bailey v. Villier,* 6 Bush 27, the terms of the
court are distinctly recognized; the court, however, in that case, as
well as the case of *Downing v. Bacon,* 7 Bush 680, was inclined to
regard the amended act passed in February, 1868 (giving to the
court of common pleas the same powers over its final judgments
and orders as the Louisville Chancery Court had), as regulating
the time for filing the bill of evidence. This amendment was not a
repeal of the section of the Code referred to, nor was it in our opin-
ion intended to regulate proceedings like this or to abolish terms of
the common pleas court. The amendment provides (2nd section)
that "all terms of the said court shall be terms for the appearance and
trial of causes as the terms of circuit courts in this state now are,"
etc. The terms of the court as fixed by the act organizing it
have never been abolished, and time for preparing and filing a bill
of evidence cannot extend beyond the term succeeding that in which
the judgment was rendered. These terms must regulate such pro-
ceedings; and all the terms as desigated by the act of February,
1865, are made by the second section of the amended act of Febru-
ary 5, 1866; terms for the appearance and trial of causes must be
recognized at the regular term of the court. The party complaining
will then have, by leave of the court upon proper extensions made,
from two to four months in which to file his bill of exceptions, and
certainly no longer time should be demanded or given.

It is said by this court in the case of *Smith, &c., v. Blakeman,* 8
Bush 476, that "the security of the rights of litigants, and every con-
sideration of sound policy, demands that this provision of the Code
shall not be so construed as to give the courts the authority to so
make extensions of time as to unnecessarily harass or endanger the
rights of the successful party, whose judgment is presumptively cor-
rect, by making it necessary for him with his counsel, and possibly
his witnesses, to be present in court every day during the entire
term to which the extension has been made."

The rights of the successful party in this case were suspended for
more than eight months, with the necessity on his part or that of
his counsel of being present in court almost every week during that
entire period watching the progress of the motion to file the bill of

evidence. The bill of evidence cannot be considered and the judgment is therefore affirmed.

Upon a petition for rehearing the attention of the court has been called to an act approved February 8, 1867, abolishing the appearance terms of the Jefferson Common Pleas Court and repealing the 5th section of the act of February 24, 1865. This appeal left the 10th section of the last-named act in full force so as to enable the court to apply all provisions of the Code to the practice when not inconvenient with some special emolument in regard to the proceedings in that court, and while parties may institute actions at any time in that court and obtain judgment after proper service, we do not construe the act as repealing those terms so as to defeat other provisions of the Code applicable to such proceedings, and independent of this view of the question this court would not sanction such a practice as is insisted upon in this case. Petition *overruled*.

*Ben Goodloe & Humphrey, for appellants.*
*W. B. Fleming, for appellee.*