Case 22—PETITION ORDINARY—November 18.

# Johnson, &c., v. Stivers, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. In the contest of a will upon the ground of want of testamentary capacity on the part of the testatrix, and of undue influence on the part of the devisees, letters written by the testatrix to one of the devisees were competent evidence to show her feelings to the devisee to whom they were addressed, and her intimacy with her.

2. The burden was on the propounders of the will to show by a preponderance of evidence that the testatrix was of testamentary capacity, and on the contestants to show by a preponderance of testimony that she was unduly influenced or coerced.

3. Newly discovered evidence which was not of a decisive or controlling character did not authorize a new trial.

4. Time for filing a bill of exceptions can not be extended beyond the term succeeding that at which the motion for a new trial is overruled.

5. Terms of Louisville Courts.—As the Jefferson Court of Common Pleas and Louisville Chancery Court have such control over their judgments for sixty days as circuit courts have over their judgments during the term in which they are rendered, the period of sixty days from the entry or rendition of any order or judgment in these courts is to be regarded as a "term" as to that particular order or judgment. Therefore the time for filing a bill of exceptions in the Jefferson Court of Common Pleas can not be extended beyond one hundred and twenty days from the entry of the order overruling motion for new trial.

A motion for new trial was overruled June 24, 1889. Time was given until September 30 to file bill of exceptions, and by successive orders time was further extended to November 18, when bill was tendered, but the bill was not filed until December 4, time being given until then to "complete" the bill. *Held*—That the term succeeding that at which the motion for new trial was overruled ended October 22, and therefore the bill tendered for the first time on November 18 was too late to be considered.

ABBOTT & RUTLEDGE for appellants.

1. The verdict is palpably against the evidence.

2. The letters admitted as evidence over the objections of appellant were incompetent.

3. The court erred in instructing the jury that the burden was on the contestants to establish undue influence. (Civil Code, sec. 526; *Idem*, sec. 317, subsec. 6; Lyman v. Campbell, 88 Ala., 469; Harrel v. Harrel, 1 Duv., 203.

4. It was improper for the court to instruct the jury upon whom the burden of proof rested, the term "burden of proof" being a technical term and calculated to confuse a jury. (Fletcher v. Wilburn M'f'g Co., 35 Mo. Ap., 329; Hawkins v. Grimes, 13 B. M., 269; Foley v. Alkire, 52 Mo., 317; Barnett v. Com., 84 Ky., 449; Jump v. Com., MS. Op., May 31, 1884.)

5. The bill of exceptions was filed in time. (Acts 1886, vol. 1, p. 101; Downing v. Bacon, 7 Bush, 684.)

HUMPHREY & DAVIE AND SAM CLEAVER FOR APPELLEES.

1. The bill of exceptions, not having been tendered within one hundred and twenty days after the motion for a new trial was overruled, can not be considered. (Acts 1865, vol. 1, p. 52; Acts 1867, vol. 1, p. 35; Acts 1865-6, p. 26; Code, secs. 337, 772, 836; Bailey v. Villier, 6 Bush, 27; Downing v. Bacon, 7 Bush, 680; Longest v. Tyler, MS. December, 1876; Byers v. Louisville Mail Line, 5 Ky. Law Rep., 684; Black v. Keiser, 11 Ky. Law Rep., 328; Snyder v. Hessee, 11 Ky. Law Rep., 433; Cavanaugh v. Cochran, 11 Ky. Law Rep., 855; Shrader v. Wilhite, 11 Ky. Law Rep., 954; Cain v. Cain, 12 Ky. Law Rep., 635; Bannon v. Moran, 12 Ky. Law Rep., 989.)

2. The failure to object to an extension of time would not extend the power of the court beyond the one hundred and twenty days. (Smith v. Blakeman, 8 Bush, 480; Vandeveer v. Griffith, 2 Met., 425; L. & N. R. Co. v. Turner, 5 Ky. Law Rep., 542; City of Henderson v. Allen, 10 Ky. Law Rep., 282; Meaux v. Meaux, 81 Ky., 477.)

3. After the bill is tendered, if the court takes further time to complete the bill, it is not fatal to the bill, if the court completes it in a reasonable time. (Hughes v. Merritt, 10 Ky. Law Rep., 1025, Snyder v. Hessee, 11 Ky. Law Rep., 433; White v. Allen, 10 Ky. Law Rep., 1025; Meaux v. Meaux, 81 Ky., 475; McIlvoy v. Russell, 8 Ky. Law Rep., 523; Dodson v. Scott, 8 Ky. Law Rep., 615; Ray v. Grove, 6 Ky. Law Rep., 736; Arnold v. Hicks, 5 Ky. Law Rep., 927.)

4. The letters from the testatrix to her devisee, Mrs. Stivers, were admissible as evidence to show the feelings of the testatrix toward her chief devisee. (Fuller v. Fuller, 83 Ky., 351; Fee v. Taylor, 83 Ky., 260; 1 Greenleaf's Evidence, sec. 108.)

5. The giving the last speech to the propounders was correct. (Gen. Stat., chap. on Wills, sec. 27; Fee v. Taylor, 83 Ky., 259; Porschet v. Porschet, 82 Ky., 93.)

6. The "newly discovered" evidence was merely cumulative, and not sufficient to warrant a new trial; nor is it shown that due diligence could not have produced it at the trial. (Mercer v. Mercer, 87 Ky., 21.)

7. The failure of the contestants themselves to make all the heirs parties does not entitle them to a new trial. (Gen. Stats., chap. on Wills, secs. 35 and 37.)

8. The verdict is not "palpably against the evidence," so as to warrant a

new trial. The usual rule as to the weight to be given jury verdicts applies to will cases. (Broaddus v. Broaddus, 10 Bush, 300; Fuller v. Fuller, 83 Ky., 347.)

9. The instructions given were chiefly those asked by the contestants themselves, and they therefore can not be complained of as error. (4 Litt., 217; 2 Litt., 145; 4 J. J. M., 610.)

10. The instructions given by the court to the jury laid down correctly the law as to testamentary capacity and undue influence. (Tudor v. Tudor, 17 B. M., 391; Wise v. Foote, 81 Ky., 15; Sherley v. Sherley, 81 Ky., 249; Fee v. Taylor, 83 Ky., 259; Secrest v. Edwards, 4 Metcalfe, 173; 2 Minor's Institutes, 670.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

By the verdict of a jury in the Jefferson Court of Common Pleas, the paper in contest on this appeal was established as the last will and testament of Mrs. Sarah C. Stevens. The motion of the contestants for a new trial having been overruled, they bring the case here for review, alleging that the court erred in admitting incompetent testimony, and in instructing the jury. They also allege that the verdict is contrary to the law and the evidence, and that they ought to have been granted a new trial because of newly discovered evidence.

Without reviewing the evidence in detail, or discussing the instructions at length, it is sufficient to say—

1. That the evidence complained of was competent. The letters of the testatrix were competent to show her feelings toward Mrs. Stivers, and her intimacy with her; in a general way they bear on her mental capacity and disposition. (See Fuller v. Fuller, 83 Ky., 351; 1 Greenleaf on Evidence, sec. 108.)

2. The instructions of the court properly present the law of the case. The burden was on the propounders to show, by a preponderance of evidence, that the testatrix was of testamentary capacity, and on the contestants to show, by a preponderance of testimony, that she was

unduly influenced or coerced, as defined in other instructions. (See Fee v. Taylor, 83 Ky., 259; Porschet v. Porschet, 82 Ky., 93.) The other instructions conform to the law as laid down in Wise, &c., v. Foote, &c., 81 Ky., 15; Sherley, &c., v. Sherley, &c., 81 Ky., 240, and in Bush v. Lisle, 89 Ky., 401.

3. There is abundant evidence to sustain the finding of the jury. The verdict is not palpably or flagrantly against the weight of the testimony, though there is a conflict between that offered by the one side and that offered by the other. (See Broaddus v. Broaddus, 10 Bush, 300; Fuller v. Fuller, *supra*.)

4. The alleged newly discovered evidence is not of a decisive or controlling character. It is doubtful whether it would have had any preponderating influence upon another trial. (See Mercer v. Mercer, 87 Ky., 21.) Nor is it at all certain that by the exercise of reasonable diligence, the contestants could not have learned of the existence of the alleged new testimony before the trial. However, without regard to the errors alleged, the judgment must be affirmed.

The motion for a new trial was overruled on June 24, 1889. By appropriate orders time was given the contestants until September 30th to prepare and tender a bill of exceptions. On that day no bill was tendered, but over the objection of the propounders (appellees) the time was extended to October 14th. Then, on the contestants' motion, time was given them until October 28th, then it was extended to November 11th and finally to November 18th, on which day the contestants for the first time tendered a bill of exceptions. Time was then given them until November 25th to " complete " the bill, and on their

motion this was extended until December 4th, when they "tendered to the court a bill of exceptions which, being signed and sealed, was filed and made part of the record."

We think a brief examination of the law controlling the practice in this court will show that this bill can not be regarded as part of the record. The Jefferson Court of Common Pleas has no appearance terms, but it is provided that it "shall be always open." It is further provided that "it shall have the same power, and for the same length of time, over its judgments as the chancellor of the Louisville Chancery Court has over its judgments;" and the latter court has "such control over its judgments, for sixty days, as circuit courts have over their judgments during the term in which they are rendered." (Civil Code, sec 772.)

As to any given order or decree, therefore, the period of sixty days from its entry or rendition is to be regarded as a "term" in these courts. At the expiration of sixty days from the entry of the order or decree the term of court, so to speak, as applicable to this order or decree ceases, because the court loses control over it, just as the judge of a court having stated terms loses control over his orders after the term ceases. The beginning of the second sixty days, therefore, after the entry of a given order is the beginning of the succeeding term or the next term with reference to that order.

Now, the law governing the subject of exceptions, and applicable to all the courts, is found in the Civil Code, section 334. It provides that "the party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court." An

amendment to this section provides that, if the judge of said court, for any cause, does not preside, or no court is held, then time until the next term shall be had to perfect and prepare the bill.

If the first sixty days after the order overruling the motion of the contestants for a new trial is to be regarded as the term at which such order was entered, and the second sixty days is to be regarded as the succeeding term, then the first term would end sixty days after June 24th, which would be on August 23d. And the second sixty days, or the succeeding term, would end on October 22d. Therefore the bill, tendered for the first time on November 18th, was tendered beyond the succeeding term, or beyond the limit as fixed by law, and hence too late to be considered. We think it will be found that this construction of the acts regulating the practice in these courts has been followed both by this court and the Superior Court.

In Cavanaugh v. Corckran, &c., 11 Ky. Law Rep., 855, the bill was tendered seventy-five days after the motion for a new trial was overruled. It was contended that such bill must be tendered within sixty days from the final order. But the Superior Court, through Judge Ward, held that "the reason and analogies of the law require that a second sixty days should be allowed, so that the court may by proper orders extend the term for filing bills of exceptions for one hundred and twenty days after the motion for a new trial has been overruled."

In Shrader v. Wilhite, 11 Ky. Law Rep., 954, the bill was not signed or filed until one hundred and forty-eight days after the new trial was *refused*. The same court held that "in the Jefferson Court of Common Pleas and the

Louisville Law and Equity Court time for filing bills of
exceptions may be extended for one hundred and twenty
days after the order overruling the motion for a new trial,
*but not beyond that time.*" Precisely to the same effect was
the opinion (Judge Young) in Cain, Adm'r, &c., v. Cain,
Adm'r, &c., 12 Ky. Law Rep., 635, and in Bannon v.
Moran, 12 Ky. Law Rep., 989–90, the court holding in
each case that the time for filing a bill of exceptions in
the Jefferson Court of Common Pleas or in the Louisville
Law and Equity Court can not be extended, no excuse for
the delay appearing in the record, beyond one hundred
and twenty days after the order overruling a motion for
a new trial.

, In the case under consideration some one hundred and
forty-seven days elapsed from the time of making the
order overruling the motion for a new trial until the bill
was first tendered. The cases of Bailey v. Villier, 6
Bush, 27, and of Downing v. Bacon, 7 Bush, 680, recog-
nize the period of sixty days as equivalent to a term of
these courts. In Longest v. Tyler, MS. opinion of this
court December 22, 1876, it was held that by leave
of the court upon proper extensions a party would have
"from two to four months in which to file his bill of
exceptions, and certainly no longer time should be
demanded or required."

The appellants rely on the amendment to section 334
of the Civil Code, providing still further time for filing
bills of exceptions, if the judge who can properly sign
the bill does not preside, or no court is held, and say that
the summer vacation, consuming some eighty-four days
of the time, should not be counted against them; but
court was in session from September 30th and there yet

·remained nearly a month of the second sixty days, or "succeeding term," during which the judge did preside and there was a court held, so that the amendment does not .aid the appellants. Its provisions are not applicable to their case. We think the true rule is laid .down in the cases decided by the Superior Court, quoted above. The bill of exceptions must be disregarded. And with the bill out—even if inclined to a different conclusion with the bill in—the judgment below must be affirmed.