Case 84—ACTION BY WILLIAM E. ZEHE'S ADMINISTRATOR AGAINST THE CITY OF LOUISVILLE FOR NEGLIGENTLY CAUSING THE DEATH OF PLAINTIFF'S INTESTATE, OCT., 24.

## Zehe's, Administrator v. City of Louisville.

Appeal from Jefferson Circuit Court (Common Pleas Branch, 1st Division).

JOHN S. JACKMAN, Special Judge.

Judgment for Defendant. Plaintiff appeals. Affirmed.

1. Exceptions, Bill of—Report of Evidence—Bystander's Bill.— Ky. St. 1903, sec. 1019a, provides for the appointment of an official court stenographer for courts of continuous session, and article 8 declares that the transcript made by the reporter and filed in the clerk's office, when certified to be

Zehe's, Administrator v. City of Louisville.

correct by the court, may be used in the Court of Appeals as part of the record. Held, that where the record was taken and preserved by an official court reporter, it was proper for the court to refuse to sign a bystander's bill of exceptions which was incorrect.

2. Same—Time—Extension.—Under Civ. Code. Prac. sec. 334, providing that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term fixed by the court, where 60 days were given for the preparation and signing of a bill of exceptions the court could not give any additional time, and the bill subsequently presented was properly disallowed.

3. Municipal Corporations—Defective Water Course—Pleading—Notice.—Plaintiff's intestate was drowned in a deep hole in a creek at the mouth of a city sewer, while going through the creek in a wagon. Held, that a petition against the city alleging faulty construction of the sewer at the point where it entered into the creek, the permitting of a deep hole to form, etc., but failing to allege that the city had notice of the dangerous condition of the creek, or that it had existed for a sufficient length of time, to charge the city with notice, was fatally defective.

4. Same—Duty of Municipality.—Where a city permitted a sewer to discharge into a creek, the city owed no duty to a person fording the creek in a wagon to see that the creek was safe for that purpose at the mouth of the sewer, and to fill up a deep hole that had been formed there.

D. MOXLEY, for appellant.

1. This action was dismised by the lower court on peremptory instructions. The bill of exceptions which is filed is not the usual stenographers' report because the plaintiff had no money to pay for it. He made up a bill showing the evidence but the Special Judge who tried the case refused to sign it, and it is offered as a bystanders bill under sec. 337, sub. sec. 3 of the civil code.

2. The intestate accepted the invitation of the driver of a grocery wagon to ride and while turning into a creek in the city in which a sewer of the city emptied making a hole in the creek that could not be seen, the wagon was upset and the boy was drowned.

3. Our contention is that there was at a public place in the city, a concealed trap or deadfall and the neglect seems so palpable as to make argument unnecessary.

Zehe's, Administrator v. City of Louisville.

AUTHORITIES CITED.

. (Commonwealth v. Hourigan, 89 Ky. 305; Branson v. Latrat, 81 Ky. 638; Whileman-McNamara Job Co. v. Warren, etc., 23 Ky. Law Rep. 2120; Cahill v. Cin. N. O. & T. P. Ry. Co. 13 Ky. Law Rep. 714; Danville L. & N. Co. v. Stewart, 2 Met. 119; L. C. & L. Co. v. Case, 9 Bush, 720; Robinson v. N. Y. C. R. Co., 66 N. Y. II; Mastrosan v. N. M. C. & H. R. Co., 84 N. Y. 247; St. Clair Street R. Co. v. Eadin 43 O. St. 91; Drow v. Penn. E. Co. 129 Penn. St. 574; So. Cov. & Cin. St. Ry. Co. v. Herr-klotz, Jr. 20 Ky. Law Rep. 751; Pratt Coal & Iron Co. v. Brawley, 83 Ala. 374; Bishop on Non-Contract Law, Secs. 584 to 583; Thompson on Negligence, 2d, vol. page 1185; Gov. St. R. R. Co. v. Hanlon, 55 Ala. 82; Robinson v. Cone, 22 Ver. 224; W. U. Tel. Co. v. Hoffman, 80 Tex. 424; N. & W. R. R. Co. v. Grose-close, Admr, 88 Va. 267; Westbrook, etc., v. Mobile & Ohio R. R. Co., 66 Miss. 510; Lannon v. Gas Light Co. 46 Barbour, 246; Botton v. Seaboard & R. R. Co. 114 N. C. 699; Newman v. Phillipsburg Horse Car Co. 52 N. J. 446; 1 Shearm & R. Neg. sec. 75; Whar. Neg. sec. 311; 2 Wood Railway L. 1284; A. & C. Air Line Ry. Co. v. Gravitt 93 Ga. 369; Schauf's Admr. v. City of Paducah, 20 Ky. Law Rep. 1796.)

A. E. RICHARDS and A. B. BENSINGER, for appellee.

PROPOSITIONS.

1. The alleged bill of exceptions cannot be considered a part of the record and cannot be considered as the bill of exceptions because it was never filed and never completed and never signed by the trial judge. After extending the time for filing the bill to the succeeding term a further extension to anothr term cannot be made.

2. The judgment should be affirmed because same is supported by the pleadings. In the absence of a bill of exceptions only the sufficiency of the pleadings to support the verdict can be considered and every presumption will be indulged that the pleadings authorize same.

(a) Upon the evidence in the alleged bill of exceptions the ruling of the trial judge sustaining a motion for a peremptory instruction was proper.

(b) There is neither averment nor proof in the record to show that the city had any notice of any defect or any dangerous obstruction, or by the exercise of ordinary care could have discovered same, or that same remained or existed for such a length of time as to charge the city or appellee with notice.

(c) The contributory negligence of the driver of the wagon is properly imputable to the infant.

OPINION BY JUDGE LASSING—Affirming.

This was an action by W. E. Zehe's administrator against the city of Louisville to recover damages for the death of an infant 9 years of age who was drowned by the overturning of a wagon in a creek near the mouth of a sewer in said city. Plaintiff alleged that, by reason of the faulty construction of the sewer at the point where it emptied into the creek a deep hole had been made in the creek and that the driver of the wagon in which the boy was riding, not knowing of the presence of said hole, drove his horse into same, and the wagon was overturned, and the boy was drowned. The city's plea was a traverse and a further plea of contributory negligence. The case was tried by a jury before a special judge, and, at the conclusion of the testimony, a peremptory instruction was given to find for the defendant, which was done. This was in May, 1900. Motion and grounds were filed for a new trial on May 10, 1900. On October 10, 1903, the motion for a new trial was overruled and plaintiff given 60 days to prepare and tender his bill of exceptions. On December 7, 1903, plaintiff by counsel, tendered his bill of exceptions and moved the court for leave to file same, to which the defendant objected. This court thereupon gave plaintiff 30 days' additional time in which to complete the bill of exceptions. Upon January 7, 1904, upon motion of plaintiff, he was given 30 days' additional time in which to complete and file his bill of exceptions. On September 25, 1905 the following order was made: "The court declines to sign the bill of exceptions, because the stenographic transcript of the evidence was not tendered within the thirty days allowed to complete his bill, thereby showing the court the evidence on the trial. [Signed] John S. Jackman, Special Judge." The record shows that the evidence given on the trial of this case was taken by an official

court stenographer, or reporter  The bill of evidence
tendered on December 7, 1903, is not a stenograpnic
report of the proceedings had on the trial, but pur-
ports to be a statement by two witnesses as to what
took place during the trial, and we think the court
properly refused to approve same, when the record
had been taken and preserved by an official reporter
for the court.  Plaintiff should have had this steno-
graphic report transcribed, and presented it as his
bill.  The court, on plaintiff's own motion, extended
the time until January 7, 1904, in order that he might
complete his bill.  And on January 7, 1904, the court
again extended the time for 30 days for plaintiff to
complete his bill, and the plaintiff having failed and
refused to complete his bill, the court, on September
25, 1905, refused to sign the bill tendered, and plain-
tiff appeals.

The first question for determination is:  Is there
any bill of evidence in this case to be considered by
this court upon review, and, if not, did the pleadings
support the judgment?  Section 1019a, Ky. St. 1903,
provides for the appointment of an official court ste-
nographer for courts of continuous ————.  And
article 4 of said section provides for the appointment
of a special reporter when the regular reporter for
any reason does not serve.  And article 8 thereof pro-
vides that the transcript or duplicate made by the re-
porter, and filed in the clerk's office, when certified
to be correct by the court, may be used in the Court
of Appeals as part of the record in the action or pros-
ecution in which the notes from which it has been
transcribed were made.

It appears from the record that the time for pre-
paring the bill of exceptions was extended by the
court in order to give plaintiff an opportunity to
secure and file a transcript of the evidence offered
during the trial.  He was first given 60 days, then 30
days additional, and then 30 days more, and having

failed to produce same within the 120 days given him, the judge having waited more than 8 months after the 120 days had expired, refused to sign the bill which plaintiff had tendered as a bystander's bill. The reason assigned for refusing to sign the bill is that it is not correct. We are of opinion that under this state of facts the court was warranted in refusing to sign the bill tendered, and as plaintiff failed to present a proper bill within the time given by the court, or at all, he cannot complain of the action of the trial judge. For even had he tendered a bill correct in every particular after the expiration of 120 days from the time the judgment became final, the court would have had no right or power to sign same. Although plaintiff offered to file what he termed a bystander's bill, it was evidently but an imperfect statement of part of the testimony offered during the trial, and was so regarded, not only by the court, but by plaintiff's attorney, for the court, on plaintiff's motion, extended the time 60 days to enable him to complete his bill. The record does not show that the bill tendered was ever filed, and in fact it was not. Section 334 of the Civil Code of Practice provides: "The party objecting must except when the decision is made, and time may be given to prepare the bill of exceptions, but not beyond a day in the succeeding term fixed by the court."

In the case of Cain v. Cain, 12 Ky. Law Rep. 635, the court held that the time for filing a bill of exceptions in the Jefferson court of common pleas cannot be extended beyond 120 days after the order overruling the motion for a new trial. In that case the motion for a new trial was overruled October 3, 1885, and the bill of exceptions was not signed until February 13, 1886, which was 130 days after the motion for a new trial was overruled. The court held that, although the time was extended by the successive orders of the court, the bill could not be considered.

No excuse appeared in the record for it not having been signed sooner. In the case of Combs v. Combs, 41 S. W. 7, 19 Ky. Law Rep. 439, the court held that a bill of exceptions which was filed pursuant to an order of the court granting further time to a date in the term later than the succeeding term after the judgment became final, cannot be considered upon appeal. And if the pleadings are sufficient to sustain the judgment of the court below, the judgment must be affirmed. See Johnson v. Stivers, 95 Ky. 130, 23 S. W. 957, and Bannon v. Moran, 12 Ky. Law Rep. 989. In the case of City of Covington v. Wilson, 23 Ky. Law Rep. 1722, this court held, as stated in the syllabus: ''In courts of continuous session a bill of exception must be filed within sixty days after the judgment becomes final, unless the court, on motion made within that time, gives further time within which to file same. A bill of exceptions tendered more than sixty days after the judgment became final, was properly refused by the court.''

In the case before us the judgment became final October 10, 1903, and 60 days was given in which to prepare and tender the bill. On December 7, 1903, 30 days' additional time was given, which expired on January 6, 1904. On January 7, 1904, 30 days' additional time was given, which expired February 7, 1904. Under the Code, and under the ruling laid down in the above cited cases, no additional time could have been given by the court. The court had given him all the time which they could allow him, and appellant, within that time failed to have filed what he offered as for his bill filed. It cannot, therefore, be considered as a part of the record in this case. In the case of Early v. Sutton, 74 S. W. 238, 24 Ky. Law Rep. 2381, this court held that where the record fails to show that time was given to appellant at the term at which his motion for a new trial was overruled to prepare and tender his bill of evidence and excep-

tions at the succeeding term of the court, as provided by section 334 of the Civil Code of Practice that this court cannot legally consider upon appeal that part of the record which purports to be a bill of exceptions. The record shows that the trial court extended to the appellant plaintiff every opportunity within its power to file its bill of exceptions. The maximum time that can be given under the Code is 120 days from the time the motion for a new trial is overruled. This full time was given plantiff, and he failed to complete his bill of exceptions within said time, and failed to have even his incomplete bill filed within said time. And after the expiration of the 120 days, the trial judge had no right to sign said bill, and properly refused to do so.

The only question remaining for consideration is: Do the pleadings support the verdict? Appellant practically admits in his brief that if the bill of evidence is not admitted as part of the record, and considered on this appeal, that his appeal is lost. The answer in the case is a traverse,and a plea of contributory negligence. The petition itself is defective, and the trial court should have sustained a demurrer thereto, for the reason that it fails to charge that the said defendant had notice of the dangerous condition of the creek at the mouth of the sewer, or, by the exercise of ordinary care, could have discovered its said dangerous condition or that it had remained in said condition for a length of time sufficient to charge the city with notice of such condition. These are essential allegations, which would have to be alleged and proven in order to entitle the plaintiff to recover. Our courts have gone quite far in holding municipal corporations to a strict responsibility on account of accidents caused by their failure to keep their streets and sidewalks in a proper and safe condition, but we know of no case in which it has ever been held that a municipal corporation is required to

keep a creek or waterway running through same in even a reasonably safe condition for public travel. A creek is not a highway, and the same rule of law which would apply in case of accidents occurring on streets or sidewalks of a city could not be applied to an accident occurring in a creek by reason of a latent defect therein, such as set up in this case. The city owed appellant no duty in reference to the creek. And appellant does not charge appellee with a breach of any duty in reference to the creek, but shows in his pleadings clearly that the accident which resulted in the death of his intestate was due solely to the negligence of the driver of the wagon, and in no wise to the fault or failure of the city to discharge any duty which it owed to the decedent.

The judgment is affirmed.