## Nicholas v. Hook et al. (two cases).

Feb. 6, 1942.

Robert E. Hogan for appellants.

Jones, Keith & Jones and Stephen S. Jones for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellants filed separate actions against the appellees to recover damages for injuries arising out of an automobile wreck. The actions were tried together and resulted in verdicts and judgments for appellees.

Appellees docketed their appeals in this court on December 9, 1940, and on December 16, 1940, appellees moved to strike the bill of exceptions from the record. Briefs were not filed on the motion to strike and it was overruled on January 28, 1941. The question is now again presented to us in the briefs and, as the order overruling the motion to strike was merely an interlocutory order, we, of course, have power to set aside the former order and sustain the motion to strike the bill of exceptions if appellees are correct in their contention. Appellees' motion is based on the theory that the bill of exceptions was filed more than one hundred twenty days after the judgments became final, which, appellees insist, can in no event be done.

Motions for new trials were overruled on June 21, 1940, at which time the judgments became final. On that day the trial court entered an order allowing the appellants sixty days from June 22, 1940, in which to file their bill. On August 20, 1940, more than sixty days after the judgments became final, an order was entered granting an additional sixty days time for the filing of the bill. On October 19, 1940, the bill of exceptions was filed and made a part of the record and an appeal granted to this court.

It will thus be seen that if the day on which the motions for new trials were overruled is to be counted the bill of exceptions was filed one hundred and twenty-one days after the judgments became final. That this day must be counted is not open to question. See Louisville Ry. Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077 and cases therein cited.

It is equally clear that there is no power in a court of continuous session to extend the time for filing the bill of exceptions beyond one hundred and twenty days after the judgment becomes final. Kentucky Statutes, Section 1016, so provides. Even before the enactment of this statute it was consistently held, in constructing Section 334 of the Civil Code of Practice providing that the trial court may not extend the time for filing a bill of exceptions beyond a day in the succeeding term, that the time for filing a bill of exceptions in a court of continuous session could not be extended beyond one hundred and twenty days after the order overruling the motion for a new trial. Shrader v. Wilhite, 11 Ky. Law Rep. 954; Cain, Adm'r, etc., v. Cain, Adm'r, etc., 12 Ky. Law Rep. 635; Bannon v. Moran, 12 Ky. Law Rep. 989. After the enactment of Section 1016 the same ruling was again made in Johnson v. Stivers, 95 Ky. 128, 23 S. W. 957, without mention of the statute. To the same effect also is Zehe's, Adm'r, v. City of Louisville, 123 Ky. 621, 96 S. W. 918, and Northcutt v. Nicholson, 246 Ky. 641, 55 S. W. (2d) 659. We have consistently held that the statutory requirements as to the filing of bills of exceptions are mandatory. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; Smalling v. Shaw, 144 Ky. 458, 139 S. W. 779; Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292.

In view of the settled practice and decisions of this court it is clear that the motion to strike the bill of exceptions must be sustained. When this is done, the only question remaining for review is, as pointed out in Feltner et al. v. Smith, 283 Ky. 783, 143 S. W. (2d) 505, whether the pleadings sustain the judgments. They do.

Judgments affirmed.