## Fulks v. Isaacs.

(Decided April 24, 1928.)

### Appeal from Jackson Circuit Court.

1. Exceptions, Bill of.—Bill of exceptions, not filed within time given when motion for new trial was overruled, cannot be considered, in absence of extension of time.

2. Attachment.—Verdict and personal judgment thereon against one intervening in suit as owner of property attached by plaintiff held unsupported by pleadings, where answer to intervener's petition was not made a cross-petition and stated no facts making intervener answerable for defendants' debt to plaintiff.

3. Appeal and Error.—Though bill of execeptions, not filed within time given when motion for new trial was overruled, cannot be considered, judgment will be reversed, if not warranted by pleadings.

J. R. LLEWELLYN and L. C. LITTLE for appellant.

C. P. MOORE and W. E. BEGLEY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

When the motion for a new trial was overruled in this case, time was given the defendant until the fourth day of the next term of the court to tender his bill of exceptions and bill of evidence. On the fifth day of the next term the defendant produced and offered to file his bill

of exceptions and bill of evidence. The time to file the bill was not extended. The bill was therefore not filed in time, and, being not properly filed, cannot be considered. Bullitt County v. Galion Iron Works, 192 Ky. 803, 243 S. W. 609. This leaves for decision only the question: Do the pleadings support the judgment?

E. P. Isaacs, as plaintiff, brought this suit against the Ft. Henry Oil Company and R. L. Wible, as defendants. He alleged in his petition in substance that on or about August 1, 1921, he entered into a contract with the Ft. Henry Oil Company whereby it employed him to work for it on a lease it owned at the agreed price of $75 a month, payable monthly; that he performed the services pursuant to the contract continuously up to January 1, 1924, and the company paid him in full for his services up to that time. On or about January 1, 1924, R. L. Wible claimed: That he had bought out the oil and gas lease owned by the Ft. Henry Oil Company and on which Isaacs worked, and then and there directed him to continue to labor as theretofore, and promised to pay him for his services at the rate of $75 a month, payable monthly. That he continued to perform the services mentioned, after January 1, 1924, under his contract with the Ft. Henry Oil Company and under the direction of the defendant Wible, each of them agreeing to pay him $75 a month for his services. He so continued to work until September 1, 1925. That his wages at that time amounted to $1,500, and no part of it had been paid. He prayed judgment for this sum with interest and took out an attachment, which was levied upon the oil lease.

The Ft. Henry Oil Company filed an answer in which it alleged that it sold the oil lease on January 5, 1924; that it had paid Isaacs in full up to that time and notified him that it would not need him any longer and that he would have to look to the purchaser of the lease for his services thereafter. It denied that it agreed to pay him for his services thereafter in any way. R. L. Wible filed answer in which he alleged that he bought the lease on January 5, 1924, and agreed to pay defendant for his services at $75 a month at first, but that later, finding him incompetent, he made a new agreement with plaintiff by which his compensation was fixed at $2 a day from that time, and that his whole services for him amounted to

$794 which he paid into court; the plaintiff declining to accept same.

The plaintiff had taken out an attachment which was levied on the oil lease as the property of the Ft. Henry Oil 'Company and R. L. Wible. Kelly Fuiks filed thereafter his petition to be made party to the action, alleging that he was the owner of the property attached; that he bought it on May 11, 1925, and prior to the institution of the action, and that he had paid R. L. Wible and the Ft. Henry Oil 'Company the entire price of the property; that he was the legal and equitable owner of all the property attached and had no notice of plaintiff's claim and that plaintiff was wrongfully attempting to enforce his lien on the property. He prayed that he be made a party defendant and that the suit be dismissed. The plaintiff filed an answer to the petition of Fulks in which he denied the allegations as to his ownership of the property and pleaded that Fulks bought the property with full knowledge of the indebtedness to him. The answer was not made a cross-petition against Fulks, and no facts were stated making Fulks in any way answerable for the debt of the Ft. Henry Oil Company and R. L. Wible to Isaacs. In this condition of the pleadings the case came on for trial. Proof was heard, and at the conclusion of the evidence the jury returned a verdict for $1,500 against Fulks, subject to a credit of $794. The court entered judgment upon the verdict, and Fulks appeals.

It is clear on the facts stated in the pleadings that, though the Ft. Henry Oil Company or R. L. Wible may be liable to Isaacs, Fulks is not personally liable to him at least for anything that occurred before he took charge in May, 1925. Fulks was not originally a party defendant to the action, and no pleading was filed seeking a personal judgment against him. Fulks came in and defended the action to prevent a lien being adjudged against his property; but no judgment was rendered against the Ft. Henry Oil Company or R. L. Wible, who were the only defendants to the plaintiff's petition. The personal judgment against Fulks and the verdict on which it was based are palpably unsupported by the pleadings. The rule is well settled in a case like this that although the bill of exceptions cannot be considered, the judgment will be reversed if it is not warranted by the pleadings. 'City of Catlettsburg v. May, 140 Ky. 367, 131

S. W. 15, 140 Am. St. Rep. 388; Nave v. Riley, 146 Ky. 276, 142 S. W. 388.

Judgment reversed, and cause remanded for a new trial.