## McFall v. Burley Tobacco Growers Cooperative Ass'n.

(Decided Feb. 1, 1938.)

J. A. EDGE and LENA MAIDEN CRAIG for appellant.
ROBERT H. HAYS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This case had its inception in a controversy which arose between the parties to this appeal in 1928.

The Burley Tobacco Growers Co-operative Association obtained a judgment for $350 against Charles D. McFall May 21, 1928, and McFall appealed. He executed a supersedeas bond which his sister, Annie B. McFall, appellant here, signed as surety. The judgment was affirmed by this court May 17, 1929. McFall v. Burley Tobacco Growers' Co-operative Association, 229 Ky. 537, 17 S. W. (2d) 432. Thereafter, the Burley Tobacco Growers Co-operative Association brought this action against Charles D. McFall and Annie B. McFall

to recover the amount of the judgment, interest thereon, its costs, and 10 per cent. damages. Annie B. McFall filed an answer, counterclaim, and set-off in which she alleged that the plaintiff was indebted to her in the sum of $875, and she asked judgment for that amount and that it be set off against plaintiff's claim. A demurrer to this pleading was sustained, and a judgment was entered against the defendants for the full amount claimed by the plaintiff. Annie B. McFall appealed, and the judgment was reversed on the ground that the court erred in sustaining the demurrer to her pleading. McFall v. Burley Tobacco Growers' Co-operative Association, 246 Ky. 278, 54 S. W. (2d) 922.

After numerous continuances on motion of the defendant, the case was tried in the Woodford circuit court May 13, 1936, and the jury returned a verdict for the plaintiff, allowing the defendant nothing on her counterclaim and set-off. A judgment in accordance with the verdict was entered, and on May 14, 1936, the defendant's motion and grounds for a new trial was overruled, and she was given until the third day of the October term, 1936, to complete and file her bill of exceptions. A bill of exceptions was never tendered, but the official stenographer's transcript of the evidence was tendered March 5, 1937. The circuit judge refused to approve it, but signed the following endorsement thereon:

"Tendered for approval and refused for the reason it now is offered a year after the trial and is too late."

The clerk's transcript of the record had theretofore been filed in this court, and on March 26, 1937, the appellant filed a motion to require the circuit judge to examine the transcript of evidence and to approve same if correct or to correct and approve it. This motion was overruled on the authority of such cases as: Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292; Wilson v. Louisville & N. R. Co., 257 Ky. 144, 77 S. W. (2d) 416; Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331; Fulks v. Isaacs, 224 Ky. 181, 5 S. W. (2d) 1039; Louisville & Atlantic R. Co. v. Phillips, Adm'r, 148 Ky. 49, 145 S. W. 1105; Sinclair's Adm'r v. Illinois Central R. Co., 100 S. W. 236, 30 Ky. Law Rep. 1040; Knecht v. Louisville

Home Telephone Co., 121 Ky. 492, 89 S. W. 508, 509, 28 Ky. Law Rep. 456.

The stenographer's certified transcript of the evidence containing the evidence, objections, exceptions, court's rulings, and instructions offered, given, and refused, when filed as a bill of exceptions and approved by the court, will be accepted as such, but it must be filed within the time allowed for tendering the bill of exceptions. In Knecht v. Louisville Home Telephone Co., supra, the court said:

"The usual practice is to file the stenographer's transcript of the evidence with the bill of exceptions, and in the bill of exceptions to simply refer to the transcript as containing a statement of the testimony of the witnesses and the exceptions to the testimony. But it cannot be tolerated that a bill of exceptions may be filed within the time allowed which contains no part of the evidence given on the trial, and that then at a subsequent term, when the court has lost jurisdiction over the case, a transcript of the evidence may be filed and made part of the record. The purpose of the provision of the Code is to require bills of exceptions to be made up promptly while the facts are fresh in the minds of the court and the parties concerned, so that they may be made up correctly."

The only question remaining is whether the pleadings are sufficient to support the judgment, and no complaint is made in this respect.

Judgment affirmed.