## Dalton v· Dalton.

(Decided December 15, 1911.)

### Appeal from Fayette Circuit Court.

Alimony—Motion to Reduce Amount of—Appeal from Judgment Re-
fusing to Reduce Amount—Practice.—Upon an appeal from a
judgment refusing to reduce the amount of alimony that had
been awarded, appellant having filed no schedule in the lower
court, and having filed no bill of exceptions as provided by the
Code, he lost his right to have the rulings of the trial judge
upon the motion reviewed here.

W. C. G. HOBBS for appellant.

ALLEN & DUNCAN for appellee.

Opinion of the Court by Judge Lassing—Affirming.

This is an apeal from a judgment of the Fayette
Circuit Court, refusing to reduce the amount allowed as
alimony to the appellee, Annie L. Dalton.   It appears
from the record that, prior to 1905, the appellee was di-
vorced absolutely from her husband, R. F. Dalton, the
appellant, and he was directed to pay her $65.00 a month
for the support of herself and  eight  children  until
further order of court.  For some years appellant com-
plied with this order of  court, but finally, conceiving
that it was burdensome to him, and that the changed con-
dition of his family justified its reduction, he made ap-
plication, upon notice, to have the amount reduced. After
hearing this motion the judge refused to make the re-
duction asked, and dismissed the application. From that
ruling and judgment this appeal is prosecuted.

For appellee it is insisted that the appeal should be
dismissed upon two grounds, first, because no schedule
was filed in the lower court, as provided by section 737
of the Civil Code, and second, because no bill of excep-
tions was filed, as provided by section 334 of the Code.

As to the first ground relied upon to support the mo-
tion to dismiss the appeal, it is sufficient to note that in
Cassella v. Seaman & Hughes, 13, Bush, 244, Louisville
& Nashville R. R. Co. v. Brice, 83 Ky. 210, and Nelson
county v. Bardstown & Louisville Turnpike Co., 24 Rep.
2056, it was held that where an appeal is prosecuted from
a judgment of the lower court to this court it must be ac-

companied by a transcript of the entire record, unless the appellant wishes to rely upon only a partial record, in which event a schedule must be filed within the time prescribed, and this must show specifically the portions of the record desired transcribed. In the case at bar no schedule at all was filed, and it is apparent that the record before us is but a partial record of the proceedings in that case.

Upon the second ground relied upon, it appears from the affidavit of the clerk that upon the trial of this motion oral testimony was heard, in addition to the affidavits which have been copied in the record. But there is no transcript of this oral evidence in the record. No bill of evidence was prepared, and we cannot pass upon the merits of this controversy upon the partial record before us, and must presume that the evidence before the trial judge justified the conclusion reached by him.

This Code provision, requiring the unsuccessful party to enter his objection to the ruling of the court at the time it is made, and ask for and receive time within which to prepare and tender a bill of evidence and exceptions, either at that term or at any time given by the court, not to exceed a day in the succeeding term, to be fixed by the court, is mandatory; and when appellant failed to comply with this provision of the Code he lost his right to have the rulings of the trial judge upon his motion reviewed here. This identical question was decided in Layton v. Weed Sewing Machine Co., 4 Rep. 263; Louisville & Atlantic Coal Co. v. Morris, 132 Ky. 223; Dixon v. Wood, 23 Rep. 1004, and Southern Railway Co. v. Thurman, 25 Rep. 804.

Judgment affirmed.