# United States Fidelity & Guaranty Company v. Cole's Administrator.

(Decided October 1, 1915.)

## Appeal from Bell Circuit Court.

Exceptions, Bill of—Filing of—Section 334 Civil Code.—Under the provisions of section 334 of the Civil Code when time is given a party to a succeeding term in which to prepare and tender a bill of exceptions, it must be to a fixed day in that term; and when there is any extension of such time by a subsequent order of the court it must also be to a fixed day.

METCALF & JEFFRIES for appellant.

B. B. GOLDEN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an appeal from a judgment of the Bell Cricuit Court in favor of Cole's Administrator against the United States Fidelity & Guaranty Company on a supersedeas bond executed by it as surety for the Continental Coal Corporation to stay the execution of a judgment against the Coal Corporation by Cole's administrator pending an appeal to this court, which judgment was affirmed.

There is pending in this court a motion by the appellee to strike from the record the bill of evidence filed in the lower court, and that motion will first be disposed of.

The judgment was entered in the lower court at the May term thereof, and on the 31st day of July, 1914. On the same day motion and grounds for a new trial were filed and overruled and the defendant given until the 25th day of the following October term to tender its bill of exceptions, and the official stenographer was directed to transcribe the notes taken on the trial and tender the same in court on or before the same date.

On the 28th of October, which was within the time so given, the following order was entered in the Bell circuit court:

"This day came the defendant, United States Fidelity and Guaranty Company, of Baltimore, Maryland, by its attorneys and tendered and offered to file and have approved and signed by the judge who tried the case, its bill of exceptions herein, and it appearing to the court, from his own personal knowledge that Hon. William

Lewis, regular judge of the 27th Circuit Court District of Kentucky, to preside as special judge and try this case in the Bell Circuit Court, is not now present at this court, the approval, signing and filing of said bill of exceptions is passed until a later day during this term of court, when the said William Lewis, Judge, can be present and approve, sign and order the filing of same.

"It appearing that Miss Mabel Osborne, official stenographic reporter of this court, has not completed her transcript of the evidence and rulings of the court, had on the trial of this case, she is given further time during the present term of court to do so; and this case is passed for further orders herein."

On the 21st of November, which was the same term of court, the following order was entered by the special judge who tried the case at the May term of court:

"The court having considered the bill of exceptions of the defendant, United States Fidelity & Guaranty Company of Baltimore, Maryland, which was tendered in open court and moved to be allowed, signed and filed on October 28th, 1914, and being advised, the said bill of exceptions and the certified transcript of the evidence, made and certified herein, by Miss Mabel Osborne, this court's official stenographic reporter, the same are now approved by the Hon. William Lewis, special judge, of this court, who tried this case, and the said bill of exceptions and said transcript of the evidence are allowed and signed by the said special judge and filed and ordered to be and now are made part of the record herein, without being spread at large on the order book; and the said transcript of evidence so made by said official stenographic reporter may be taken by the said defendant, United States Fidelity & Guaranty Company, as part of the record herein, to the Court of Appeals of Kentucky, upon the appeal of this case, without being again copied or certified by the clerk of the court. To the foregoing order the plaintiff objected at the time and the court being advised overruled plaintiff's objection thereto and entered the said order to which the plaintiff excepts."

The bill of exceptions tendered on the 28th of October, as shown by above order, was a mere skeleton bill, and referred to the transcript of the evidence made by the official stenographer as a part of it, and in all other respects was a mere reference to certain orders of the court.

The skeleton bill so filed, when taken independent of the transcript of the evidence, presents none of the questions which are relied upon for a reversal of the judgment.

It is apparent from the order of October 28th that at that time the transcript of the evidence and rulings of the court on the trial had not been completed by the official stenographer, and consequently it could not have been tendered as a part of the bill of exceptions, and the question to be determined is whether the granting of further time during that term of the court to tender the same was sufficient to authorize its tender on the 21st day of November, when it was in fact tendered.

On the 21st of November, the 25th day of the October term had long since passed, and if the appellee did not acquire by virtue of the order of October 28th the right to tender this transcript of evidence on the 21st of November then it was wrongfully permitted to be filed.

It will be observed in the order of the 28th of October "further time during the present term of court" was given to complete the transcript of the evidence and the rulings of the court, and no certain day during the term was fixed for the filing or tendering of the same.

Sec. 334 of the Civil Code, as amended, reads as follows:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court.

"If the judge of said court, for any cause, does not preside at the said term of the court, or no court is held, then the party offering the bill of exceptions shall have until the next term of the court to perfect and prepare the bill of exceptions."

The very gist of and the only real substance in the bill of exceptions tendered on the 28th of October was its reference to the transcript of evidence; other than that it only referred to certain procedings of the court which were shown by its orders, and presented no question which might not have been made without a bill of exceptions. So that in truth and in fact, in the absence of the transcript of evidence, there was no real bill of exceptions tendered at that time.

The section of the Code quoted above has been construed to mean—and from its very terms no other construction could well be put upon it—that when time is given in the first instance to tender a bill of exceptions it

must be to a fixed day, and if there be any extension of that time by a subsequent order of the court it must be to a certain day.

The case of Smith v. Blakeman, 8 Bush, 479, was a case in which the facts are strikingly similar to the facts here presented. There in the original order time was given to a certain day of the succeeding term, and on that day, by an order, the defendant was given "further time to complete and file" his bill of exceptions without fixing a day. The court in sustaining a motion to strike the bill of exceptions from the record, said:

"After the motion of appellants for a new trial had been overruled, an order was made giving them until the third day of the succeeding term to prepare and file their bill of exceptions. On that day this order was made: 'This day came the defendants by attorney and presented their bill of exceptions, and they not being completed, further time is given them to complete and file the same.' Two days afterward they appeared and were allowed to file what purports to be their bill of exceptions, notwithstanding the objections of the appellee. The 334th section of the Civil Code of Practice authorizes time to be given not beyond the succeeding term for the preparation and filing of bills of exceptions, but such extensions ought to be to a day certain in the term. For sufficient reasons further extensions may be given from one day certain to another during said term. (Freeman v. Brenham, &c., 17 B. M., 609; Downing v. Bacon, MS Opinion, 1871.) But the security of the rights of litigants, and every consideration of sound policy, demands that this provision of the code shall not be so construed as to give the courts the authority to so make extensions of time as to unnecessarily harass or endanger the rights of the successful party, whose judgment is presumptively correct, by making it necessary for him with his counsel, and possibly his witness, to be present in court every day during the entire term to which the extension has been made. In this case the court gave time indefinitely, or at least until the last day of the term. If valid, the order placed the appellee completely at the mercy of the opposite party, unless he saw proper to remain in court from day to day till the term expired, or until the appellants chose to call up the case and present their bill of exceptions. The great injustice that might result from such a construction of the code is so manifest that we regard amplification as wholly unnecessary."

The reasoning of the court in that case is in harmony, not only with the language but with the spirit of the section of the code quoted, and so far as we are aware the rule laid down therein has never been departed from.

The case of L. & N. v. Setzer, 138 Ky., 476, in no way modifies this ruling; in that case the extension of time was to a fixed day.

We are constrained to hold that the bill of evidence for the first time tendered on the 21st of November was no part of the bill of exceptions, and the motion to strike the same from the record must be sustained.

This leaves only the question whether the judgment is supported by the pleadings, and about that there is no contention.

Judgment affirmed.