## Baker, et al. v. Whittaker.

(Decided October 24, 1919.)

Appeal from Perry Circuit Court.

1.  Exceptions, Bill of—Time to Present—Extension of Time—Statutes.—The provision in sec. 334 of the Civil Code of Practice that the party objecting must except when the decision is made, and that time may be given to prepare a bill of exceptions but not beyond a day in the succeeding term to be fixed by the court, is mandatory; and a bill of exceptions cannot be filed after the term at which the motion and grounds for a new trial are overruled, unless further time be given by an order of court.

2.  Appeal and Error—Review—Want of Bill of Exceptions.—In the absence of a bill of exceptions, the only question to be considered on the appeal is whether the pleadings support the judgment.

3.  Pleading—Judgment—Pleadings to Support Judgment.—In an action in ejectment plaintiff alleged that he was the owner and entitled to the possession of a certain described tract of land, and that defendants were withholding a certain described portion thereof. After denying the title of plaintiff, defendants answered in substance that they were the owners of a certain described tract of land by adverse possession, "and that if the boundary of land set out in the plaintiff's petition conflicts to any extent with the boundary herein described, they are the owners of that conflict": Held, that the pleadings were sufficient to support a judgment for plaintiff, although the averments of ownership of the land in controversy were not denied, since the averments were so hypothetical and contingent that a failure to deny them admitted

no fact that would authorize a judgment in favor of the defendants.

J. B. EVERSOLE for appellants.

HOGG & JOHNSON, MILLER & CRAFT and P. T. WHEELER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Alleging that he was the owner and entitled to the possession of a certain described tract of land in Perry county, and that the defendants, Wilson Baker and wife, had entered upon a certain described portion thereof and were wrongfully withholding the same, plaintiff, Peter F. Whittaker, brought this suit in ejectment to recover that portion of the land in the possession of the defendants.

After denying the allegations of the petition, and pleading that they were the owners and entitled to the possession of a certain described tract of land, the answer of the defendants concludes as follows:

"They state that they and those under whom they claim have been in the continuous, open, notorious and peaceable possession of said boundary of land continuously claiming same to a well marked and defined boundary for a period of more than fifteen years and for more than thirty years, and that if the boundary of land set out in the plaintiff's petition conflicts to any extent with the boundary herein described, they are the owners of that conflict."

A trial before a jury resulted in a verdict and judgment for plaintiff. Defendants appeal.

The first question presented is whether plaintiff's motion to strike the bill of exceptions should prevail. The provision in sec. 334 of the Civil Code of Practice, that the party objecting must except when the decision is made, and that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court, is mandatory; and a bill of exceptions cannot be filed after the term at which the motion and grounds for a new trial are overruled, unless further time be given by an order of court. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; Bluegrass Traction Co. v. Crosdale, 143 Ky. 196, 136 S. W. 204. In this action, the motion and grounds for a new trial were

overruled at the August term, 1917, and the bill was filed at the succeeding March term, 1918, without any order of court granting an extension of time to a day in that term. It follows that the bill was not filed in time, and the motion to strike will be sustained.

There being no bill of exceptions in the record, the only question to be determined is whether the pleadings support the judgment. Tyler v. Woerner, 158 Ky. 710, 166 S. W. 178; Bobbitt v. Blakemore, 153 Ky. 170, 154 S. W. 941. In this connection it is argued that defendants were entitled to judgment on the face of the pleadings, because there was no denial of their plea of adverse possession. An examination of the answer will show that the defendants first pleaded adverse possession of the boundary of land described in their answer, and concluded the plea with the following words:

"And that if the boundary of land set out in the plaintiff's petition conflicts to any extent with the boundary herein described, they are the owners of that conflict."

In other words, the defendants pleaded title to a particular tract of land by adverse possession, and claimed to own the tract in controversy only in the event that it was a part of the land claimed by adverse possession. The effect of this allegation was about the same as if defendants had alleged that they owned the land in controversy if it was a part of the land which they did own. Certainly, so far as the land in controversy is concerned, there was no direct and positive allegation of ownership. On the contrary, the averments were so hypothetical and contingent that a failure to deny them admitted no fact that would authorize a judgment in favor of the defendants.

It is not insisted that the pleadings fail to support the judgment in any other respect.

Judgment affirmed.