## Siler v. Commonwealth.

### (Four cases).

#### (Decided January 16, 1923.)

### Appeals from Harlan Circuit Court.

1. Exceptions, Bill of—Time for Filing—Bill Not Filed in Time Will Be Stricken.—A bill of exceptions not tendered within a definite time fixed by the court, or within a definite extension thereof, cannot be considered and will be stricken from the record.

2. Exceptions, Bill of—Time for Filing—Objections—Waiver of Right to Strike.—Though the right to strike may not, in some instances, be waived, where the party complaining that the bill was not filed in time was present in court when an extension of time was granted or the bill was filed, and made no objection thereto, the attorney for the Commonwealth is not required to be present in court for the purpose of objecting to the filing of a bill after the expiration of the time allowed, and that being true, a failure to object is not a waiver, unless it also appears affirmatively from the record that the attorney for the Commonwealth was present in court when the bill was filed.

3. Criminal Law—Record—Absence of Bill of Exceptions—Review.— In the absence of a bill of exceptions in a criminal case, the only

question that may be considered is whether the indictment supports the verdict.

J. S. FORRESTER and SNYDER & ADKINS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

These appeals involve the same questions and will be considered in one opinion.

In each case appellant was convicted of a violation of the prohibition act, and a reversal is asked on the ground that the instructions were oral.

A motion has been made in each case to strike the bill of exceptions on the ground that it was filed after the time fixed by the court. On the other hand, appellant contends that the Commonwealth's right to insist on the motion to strike was waived by its failure to object when the bill was filed and approved by the trial court. It appears that the trials took place at the August term, and that appellant was given until the third day of the next October term to prepare and file bills of exception. Though the time for filing was not extended by an order of court, the bills were not filed until the sixteenth day of the term. It is the rule that a bill of exceptions not tendered within a definite time fixed by the court, or within a definite extension thereof, cannot be considered and will be stricken from the record. U. S. Fidelity & Guaranty Co. v. Cole's Admr., 165 Ky. 823, 178 S. W. 1057. Though the right to strike may in some instances be waived, where the party complaining that the bill was not filed in time was present in court when an extension of time was granted or the bill was filed, and made no objection thereto, Walling v. Eggers, 78 S. W. 428, 25 Ky. L. R. 1653, the attorney for the Commonwealth is not required to be present in court for the purpose of objecting to the filing of a bill after the expiration of the time allowed, and that being true, a failure to object is not a waiver, unless it also appears affirmatively from the record that the attorney for the Commonwealth was present in court when the bill was filed, a state of case not here presented. Louisville Ry. Co. v. Wellington, 137 Ky. 719, 128 S. W. 1077. The motions to strike are therefore sustained.

In the absence of a bill of exceptions, the only question that can be considered is whether the indictments support the verdicts, and of this there is no doubt. Cook v. Commonwealth, 13 Ky. L. R. 702, 18 S. W. 356.

Judgment affirmed.