## Nelson v. Commonwealth.

(Decided May 6, 1930.)

A. J. MAY and EDWARD L. ALLEN for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

At the June term, 1929, of the Floyd circuit court, the appellant, Isadore Nelson, was indicted by the grand jury of Floyd county charged with the crime of murder. He shot and kiled Johnny Hicks a few days before he was indicted. His trial took place within less than two weeks after the commission of the offense, and the jury found him guilty of manslaughter and fixed his punish-

ment at fifteen years and one day in the penitentiary. He filed his motion and grounds for a new trial on July 31, 1929, which was on that day overruled, and at the same time his motion that he be granted time until the 24th day of the next regular September term of the Floyd circuit court to file his bill of exceptions was sustained.

We have examined the record, and appellant has no reason to complain at his punishment. In the brief filed in his behalf but one ground is urged for reversal, and that is a technical error in the self-defense instruction. If we could consider it, we hardly think the error would be prejudicial in view of the facts in this case, but we are met at the outset with a motion by the Attorney General to strike the bill of exceptions from the record because it was not filed in time. The record discloses that the bill of exceptions was tendered on the 20th day of November, 1929, and the motion to file it was sustained and it was approved by the trial judge on November 23, 1929. The bill of exceptions was not tendered in time and the motion to strike it must be sustained. Section 282 of the Criminal Code of Practice; section 334, Civil Code of Practice; Bullitt County v. Galion Iron Works Co., 192 Ky. 803, 234 S. W. 609; Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178.

The indictment is in accordance with the provisions of the Code.

Judgment affirmed.