## Garrett v. Caldwell et al.

(Decided June 22, 1937.)

RODES K. MYERS, J. L. MOORE and G. T. FINN for appellant.

E. J. FELTS and L. B. FINN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Arthur Garrett brought this action in the Simpson circuit court against Mrs. E. C. Caldwell and her father, E. J. McCreary, to recover damages in the sum of $10,633 for injuries sustained by him while guarding the home of Mrs. Caldwell. He alleged in his petition that E. J. McCreary employed him to go to the home of Mrs. Caldwell, who lived in the country, to act as a guard to protect her and her daughter from marauders who had been molesting them at night. He was to begin his duties on the night of August 25, 1933. Shortly after dark on that night he appeared at the Caldwell home. He selected a spot in the yard behind some bushes from which to watch the house during the night, and Mrs. Caldwell gave him a quilt to place on the ground.

Soon after he began his vigil he heard the front door rattling and he stepped from behind the bushes and walked around the corner of the house and hallooed. Some one standing at the front door flashed a light on him and at the same instant a shotgun fired. The load of shot lodged in his chest and abdomen and caused serious injuries. It seems that Lawrence McCreary, the brother of Mrs. McCreary, accompanied by James Cook, had gone to his sister's home to guard it during the night. Cook was armed with a shotgun and fired

the shot which injured the plaintiff. Lawrence Mc-Creary had been staying at his sister's home at night, and plaintiff based his cause of action on the claim that E. J. McCreary ageed to notify his son that plaintiff had been employed to guard Mrs. Caldwell's home and that he negligently failed to do so, and such negligence was the proximate cause of plaintiff's in- juries.

At the conclusion of plaintiff's evidence the court sustained the defendants' motion for a directed verdict in their favor, and the plaintiff has appealed. A motion to strike the bill of exceptions from the record has been passed to the merits. The motion and grounds for a new trial were overruled November 27, 1935, and the plaintiff was given until the second day of the March, 1936, term of court to file his bill of exceptions. The second day of the March term was March 3, 1936. On March 4, 1936, one day after the time for filing the bill expired, the following order was entered:

"By agreement of plaintiff and defendant in open court it is ordered by the court that time be ex- tended to plaintiff in which to file a bill of excep- tions herein to and including Thursday, March 12th, 1936."

On March 11, 1936, this order was entered:
"On motion of attorneys for the plaintiff herein it is ordered by the court that the above styled cause be and the same is hereby continued until the next regular term of this court."

The next term began on the third Monday in June. On July 1, 1936, the defendants were notified that the plaintiff would, on July 2, 1936, move the court to sign the transcript of evidence and to permit a bill of ex- ceptions to be filed. Such a motion was made on July 2, 1936, and in its support an affidavit was filed setting out the cause for the delay in filing the bill of excep- tions, which was that two of the attorneys representing the plaintiff were members of the General Assembly, which was in session in Frankfort, Ky., from January 7, 1936, until the close of the March term of the Simp-son circuit court, and the remaining two attorneys were critically ill during that time.

The record discloses, however, that the official court reporter completed the transcript of the evidence De-

cember **7,** 1935, and that the transcript was filed in the office of the circuit court clerk December 10, 1935. One or more of the attorneys appeared in the Simpson circuit court during its March term and filed motions in the case on March 4th, and March 11th. The record does not disclose an agreement to extend the time for filing the bill of exceptions beyond March 3, 1936, except by the order entered March 4, 1936; but counsel for appellees frankly concede that they orally agreed with appellant's attorneys that it might be filed during the March term, and they make no point of the failure to file it on or before the second day of the March term, which was the next succeeding term after the term at which the judgment was entered. But they do insist that no agreement was made to extend the time for filing to a day beyond the March term and that the motion to file it made at the June term, which was objected to by them, came too late. It is not claimed by appellants that an agreement was made to extend the time for filing the bill beyond the March term.

Subsection 2 of section 337 of the Civil Code of Practice requires the party excepting to prepare his bill of exceptions during the term at which the judgment becomes final, unless further time be given him. Section 334 of the Code provides that:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court."

The requirements of the Code as to the filing of a bill of exceptions are mandatory. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371; Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178; Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292. The Code specifically provides that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. In construing this provision of the Code we have held that the order of the court extending the time must fix with certainty the day on or before which the bill of exceptions must be tendered.

In United States Fidelity & Guaranty Company v. Cole's Adm'r, 165 Ky. 823, 178 S. W. 1057, the defendant's motion and grounds for a new trial were filed and overruled on July 31, 1914, and it was given until the twenty-fifth day of the following October term

to file its bill of exceptions. On October 28th, which was within the time so given, an order was entered extending the time for filing the bill until a later day during the term, the exact language of the order being: "The approval, signing, and filing of said bill of exceptions is passed until a later day during this term of court." The bill of exceptions was tendered, approved, and signed during that term, but after the twenty-fifth day of the term, and it was held that the order extending the time for filing entered October 28th was too indefinite and uncertain and failed to comply with the mandatory provisions of section 334 of the Code. A motion to strike the bill of exceptions was sustained, the court saying:

> "The section of the Code quoted above has been construed to mean—and from its very terms no other construction could well be put upon it—that when time is given in the first instance to tender a bill of exceptions it must be to a fixed day, and if there be any extension of that time by a subsequent order of the court it must be to a certain day."

Smith v. Blakeman, 8 Bush 476, 479, Siler v. Commonwealth, 197 Ky. 278, 246 S. W. 794, and Barrett v. Vander Muelen, 264 Ky. 441, 94 S. W. (2d) 983, are to the same effect. In Woosley v. Kennon (Ky.) 117 S. W. 943, it was held that the court is without power to extend the time beyond a day in the succeeding term without the consent of the opposing party.

In the instant case the only order extending the time for filing the bill of exceptions was the order entered March 4, 1936, extending the time to March 12, 1936. On March 11th an order was entered on plaintiff's motion continuing the case until the next regular term, but it does not appear that the continuance was for the purpose of giving him further time for filing his bill of exceptions. Even if it be so treated, it failed to fix a day certain, and it is not made to appear that the defendants consented to the extension. On the authority of the cases heretofore cited the motion to strike the bill of exceptions is sustained. There being no bill of exceptions in the record, the only question to be determined is whether the pleadings support the judgment, and as to this there is no contention.

Judgment affirmed.