## Rose et al. v. Knox County Fiscal Court et al.

April 21, 1939.

J. J. Tye, Judge.

Hiram H. Owens for appellants.

J. B. Campbell and Zeb A. Stewart for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant, W. M. Rose, and other taxpayers of Knox County, suing for themselves and all residents of the county similarly situated, sought by petitions and statements of appeal to have the circuit court set aside certain orders of the fiscal court, relating to the building of a bridge across Cumberland River at Logan Gap. Defendants were the members of the court and those constituting the county budget commission.

In April, 1935, the court resolved that the bridge should be built, and from what appears to have been a fifty cent levy, the court set aside two cents in a special Logan Gap bridge fund. This setting aside of a portion of the regular levy, or the making of a special levy, continued for several years. In one year four cents was placed in the Logan Gap fund. At the time the orders appealed from were made the fund amounted to $4,000.

In the meantime rights-of-way had been taken, bids called for and one conditionally approved, though as far as the record shows the bidder did not accept the conditions and there is nothing more heard of its proposal.

In August, 1936, the order authorizing the building of the bridge was annulled, and the special fund directed to be transferred to the general road and bridge fund. Thereafter appellants filed their petition and statement of appeal, in which they plead the orders referred to above, and asked that the fiscal court be required to cancel the "rescinding" order and place the accumulation in the original Logan Gap fund. From orders appearing in the record we learn that after the attempted appeal the funds were retransferred to the special bridge fund. Later, however, the last mentioned order was annulled upon a showing by order that there was no longer an existing necessity for a bridge at Logan Gap. The funds were ordered to be and were transferred by the bridge commission to the road and bridge fund, which was said to be in dire need of money for general road and bridge purposes.

Then followed the filing of a second petition and statement of appeal, in which the same allegations were made as had been in the first, with the exception that the last annulling order was set out. The appellants asked like relief as had been prayed in the first statement of appeal.

Appellees filed motion to dismiss, and special de-

murrer, the latter on the ground that appellants were lacking in legal capacity to prosecute the appeal. They also controverted the allegations contained in the pleadings. Upon submission on pleadings, proof and exhibits, the court adjudged the orders attacked to be valid, and dismissed the appeal.

We are asked to review the record and reverse the judgment on the sole ground that the orders transferring the special bridge fund to the general road and bridge fund were void, because contrary to the provisions of Section 180 of the Constitution, and Section 4281u-2, Kentucky Statutes.

Regardless of what merit there may be in the contentions made, we find the record in such condition that it will be unnecessary to consider any question other than whether or not the pleadings support the judgment of the court, since there is before us a meritorious motion to strike the bill of exceptions and evidence from the record, because not filed in the time provided by Section 334 et seq., Civil Code of Practice.

The judgment was rendered April 2, 1938. On the same day the court overruled motion for a new trial (though there is no such motion shown in the record) and granted appellants "to and including the 20th day of the next regular term of this court" to prepare and file their bill of exceptions. There is no order extending the time. The bill of exceptions and evidence was endorsed "filed in open court July 8, 1938," and on the same day approved by the court. This made the filing too late.

The "next regular" term of the Knox circuit court began on the second Monday in June, to continue twenty-four judicial days. Kentucky Statutes, Section 965-34. By reference to the 1938 calendar we find that the second Monday in June was the 13th day of the month. Excluding non-juridical days, the 20th day of the June, 1938 term fell on the 6th day of July.

We have held in a number of opinions that the Code provision as to the time of filing a bill of exceptions is mandatory, and when it is shown that the bill was not filed in the required time, a motion to strike will be sustained. We have consistently applied the rule, and in some cases with such strictness as make its application appear harsh, but the law is so written.

614

In all the cases where it has been applied we have held that after the bill be stricken, nothing remains for us to consider save the question as to whether or not the pleadings support the judgment of the trial court. Recent cases dealing with the subject are: Asher v. Nuckols, 253 Ky. 223, 69 S. W. (2d) 331; Clark v. Mason, 264 Ky. 683, 95 S. W. (2d) 292; Fleishman v. Goodman, 252 Ky. 535, 67 S. W. (2d) 691; Garrett v. Caldwell, 269 Ky. 326, 107 S. W. (2d) 297.

We are of the opinion that the pleadings were sufficient to support the judgment of the lower court. Appellants have manifested no interest in the motion to strike, hence there is no contention contrary to appellee's motion or our conclusion.

Judgment affirmed.