## Watlington et al. v. Kasey et al.

June 12, 1945.

R. D. McAfee and Frank A. Ropke for appellants.

Robert O. Trent and Walls & Kincheloe for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a companion case to a like styled case this day decided. 300 Ky. 240, 188 S. W. 2d 425.

In Watlington v. Kasey, 293 Ky. 382, 168 S. W. 2d 988, this court affirmed the judgment of the Breckinridge circuit court establishing the boundary line between the lands of appellants and appellees. The judgment directed appellants to remove all obstructions,

such as fences and buildings, which they had placed upon the property in controversy in that action. After the judgment was affirmed the appellees moved for a rule against appellants requiring them to show cause why they should not be punished for contempt for failing and refusing to comply with the judgment and order of the court entered on May 29, 1941. A rule was issued, and appellants filed a response in which they stated that an action had been filed in the Breckinridge circuit court to vacate the judgment of May 29, 1941, and that it would be unfair and unjust to require them to remove the building and other obstructions on the property in dispute before the action to vacate the judgment had been disposed of. The response was filed May 25, 1943. A judgment dismissing the petition in the action to vacate the judgment of May 29, 1941, was entered October 23, 1943. On February 17, 1944, appellees moved the court to set a date for the hearing upon the rule theretofore issued. The motion was sustained, and the hearing set for March 3, 1944. · The appellants filed an additional response to the rule in which they stated that the plat referred to in the judgment, the survey also referred to therein, and the permanent markers set by R. M. Basham and C. M. Payne, the surveyors, fixed the division line at different points, and that it was impossible to determine definitely which of the three lines was the line established by the judgment. They asked the court to clarify the judgment and fix the line in controversy with certainty. Proof was heard orally by the court, and the response was adjudged insufficient. The pertinent part of the judgment reads:

"* * * It is ordered and adjudged by the Court that the rule heretofore issued herein be and the same now is made absolute and that said plaintiffs, and each of them, are hereby and now adjudged in contempt of Court for failing and refusing to comply with the judgment and order of this Court herein, and they are given until the 3rd day of the May 1944 term of the Breckinridge Circuit Court to purge themselves of said contempt by complying with the judgment and order of the Court heretofore entered herein, as aforesaid."

On this appeal it is argued that the proof heard on the motion for the rule shows that the division line established by the judgment of May 29, 1941, is indefinite,

and the judgment should be clarified. This is on the theory that the line designated by the markers placed by the surveyors does not correspond to the line described in their survey and referred to in the judgment. The evidence heard on the motion for the rule is not properly before us, and cannot be considered. The judgment was entered at the February, 1944, term of the Breckinridge circuit court, and the respondents were given until the third day of the May term to file their bill of exceptions. On May 11, 1944, which was after the third day of the May term of court, they tendered and moved to file a bill of exceptions and transcript of the evidence. The circuit judge overruled the motion on the ground that the bill of exceptions had not been tendered in time. Appellants have filed in this court what purports to be a transcript of the evidence, but it is neither signed nor approved by the trial judge. His action in refusing to permit the tendered bill of exceptions to be filed was proper, since the bill must be tendered within the time allowed, and the court is without authority after the expiration of the time granted to extend the time or permit the bill to be filled. Ely's Adm'r. v. Louisville & N. R. Co., 276 Ky. 815, 125 S. W. 2d 742; Fulks v. Isaacs, 224 Ky. 181, 5 S. W. 2d 1039. The rule applies in equity cases when oral evidence is heard. The evidence must be made a part of the record by a bill of exceptions prepared in the same time and manner as in ordinary cases. United Mine Workers of America v. Jones, 290 Ky. 569, 162 S. W. 2d 17; Savage v. Savage, 289 Ky. 510, 159 S. W. 2d 44; Asher v. Nuckols, 253 Ky. 223, 69 S. W. 2d 331. In the absence of the evidence only the pleadings are before us for consideration, and they are sufficient to support the judgment.

Judgment affirmed.