## Piersall v. Piersall.

April 19, 1946.

William Hays for appellant.

Rodney Haggard and D. L. Pendleton for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This appeal is prosecuted from so much of the judgment entered in a divorce action which fixed the amount of monthly maintenance of the wife and child and which attempted to fix the amount of lump sum alimony. After the judgment of divorce was granted, Mrs. Piersall married Lucian Elmer Wells, but to avoid confusion and for

the sake of convenience we will refer to her in the opinion as Mrs. Piersall.

The petition filed July 16, 1943, charged the husband with cruel and inhuman treatment and asked an absolute divorce and the custody of their one child, Gerald, a boy then 13 years of age. It averred that the husband earned $325 per month and had an income of $750 per year from a farm he owned of the value of $10,000, and asked that a monthly allowance of $150 be made for the maintenance of the wife and son and that she be awarded alimony in the lump sum of $5,000. A general order of attachment was obtained which was levied upon certain personal property as well as the farm. The answer was a traverse.

The proof was heard orally before the chancellor on Sept. 20, and on Dec. 30, 1943, and was reported by the official stenographer. No bill of exceptions was filed, but on Dec. 3, 1945, the appellant husband moved the chancellor to examine and approve the transcripts of evidence. This motion was sustained over the wife's objection and she has moved this court to strike from the record the transcripts approved by the chancellor.

The motion to strike must be sustained since it is necessary that a bill of exceptions be prepared and filed pursuant to sec. 334 of the Civil Code of Practice relating to common law actions when in an equity case proof is heard orally before the chancellor in conformity with sec. 552 (2) of the Civil Code of Practice. United Mine Workers of America v. Jones, 290 Ky. 569, 162 S. W. 2d 17, and cases cited therein. With the evidence stricken, the only question left to confront us is whether the judgment is supported by the pleadings. Rose v. Knox County Fiscal Court, 279 Ky. 611, 131 S. W. 2d 498.

The judgment after granting the divorce and giving the wife the custody of the child and fixing the monthly allowance for their support provided: "It is further ordered and adjudged by the Court that the plaintiff shall recover of the defendant one-half of all the property that the defendant had on July 15, 1943, after the payment of the court cost and the debts owing by the defendant on July 15, 1943. In the event that the parties hereto cannot agree on the value of the property heretofore mentioned, it is now ordered and directed that Harvey T. Lisle, attorney for the defendant, and

Rodney Haggard, attorney for the plaintiff, take charge of said property and sell the same to the highest and best bidder at the court house door in Winchester, Kentucky, on such reasonable terms as said attorneys may agree and after advertising such sale in The Winchester Sun for at least ten days prior to the sale thereof, such insertion of said advertisement shall not be more than three times of the sale.''

It will be noted that the wife was not granted any specific sum as alimony but was awarded one-half of all property owned by her husband on July 15, 1943, after the payment of his debts. In the event the parties did not agree on the value of the property, the judgment directs their attorneys to sell it to the highest bidder on such reasonable terms as the attorneys might agree after newspaper advertisement.

It is provided in KRS 403.060 that no allowance made to the wife shall divest the husband of the fee simple title to real estate. Therefore, the chancellor was without authority to direct the sale of the husband's real estate to satisfy the monthly allowance or the alimony. Webster v. Webster, 269 Ky. 712, 108 S. W. 2d 724; Whitaker v. Whitaker, 298 Ky. 590, 183 S. W. 2d 623.

The judgment is further erroneous because of its failure to comply with sec. 390 of the Civil Code of Practice in not specifying the amount of alimony allowed Mrs. Piersall. The petition prayed for alimony in the lump sum of $5000, and any judgment in her favor should have been for a sum certain rather than for the indefinite ''one-half of all property that the defendant had on July 15, 1943''. Parsons v. Spencer, 83 Ky. 305, 309. Had the chancellor not been prohibited by KRS 403.060 from ordering appellant's real estate sold, the judgment still is erroneous as it does not describe the property or specify the terms or time of the sale or for what sum of money it was to be made. Section 696 of the Civil Code of Practice; Meyer v. City of Covington, 103 Ky. 546, 45 S. W. 769; Hurst v. White, 295 Ky. 123, 174 S. W. 2d 3. Nor do we know of any authority which permits the chancellor to delegate to the attorneys of the litigants the discretion of determining whether or not real estate should be sold and the terms of the sale, as was done in this instance.

Appellee insists that the sale ordered by the chancellor was under the attachment and that inasmuch as appellant agreed to an equal division of the proceeds received from the sale of certain personal property he is estopped from questioning the order of sale. The record fails to show that the sale was ordered under the attachment. On the contrary, it shows that it was not. Appellant's agreement to an equal division with appellee of the proceeds received from the sale of the personal property, which appears to have been sold privately in order that he might meet the monthly allowance made appellee and the child, had no connection with the sale of the real estate which the chancellor erroneously ordered in satisfaction of the purported alimony judgment.

After appellee married Wells on Aug. 20, 1945, the chancellor erred in not sustaining appellant's motion to modify the judgment to the extent of stopping the monthly allowance made for the maintenance of the wife since her remarrying discharged her first husband from further supporting her. Evans v. Evans, 229 Ky. 21, 16 S. W. 2d 485; although such remarriage would not affect lump sum alimony even though paid in installments, Jones v. Jones, 216 Ky. 810, 288 S. W. 737. Upon this motion being made the chancellor should have heard evidence to determine the monthly amount necessary to support the child and should have fixed that sum for appellant to pay monthly and should have relieved him from further payments of any monthly amount for the maintenance of appellee.

The judgment is reversed with the direction that the chancellor determine what sum, if any, is due Mrs. Piersall as lump sum alimony as of the time the original judgment was entered, and he will further determine what sum should be paid by the husband monthly for the maintenance and support of his son. In determining these questions the chancellor may consider the proof formerly taken and either party may be allowed the privilege of taking additional proof if desired. Should either party desire to prosecute an appeal from the judgment of the chancellor, the transcript of the evidence formerly taken, which we have stricken from the present record on appellee's motion, may be incorporated in the record by a bill of exceptions.

The judgment is reversed.