## Ellis et al. v. Central Trust Co. of Owensboro, et al.

May 7, 1948.

Rehearing denied June 25, 1948.

Wilson & Wilson for appellants.

R. L. Blackwell, Wm. Marshall Bullitt, O. L. Fowler, Morton Holbrook and Wm. J. Wigginton for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This suit had its inception in proceedings instituted for the reorganization of the Central Trust Company of Owensboro, Kentucky, which closed its doors on January 2, 1932. Elaborate plans of reorganization were devised and these plans were revised from time to time until August 9, 1945, when the Central Trust Company filed its petition for advice in the Daviess Circuit Court. It appeared from the petition that the liquidation of the affairs of the closed bank had proceeded to a point where all of its assets had been disposed of and the sum of $44,229.60 was required to complete the payment of Special Certificate of Indebtedness No. 10 which had been issued to the depositors. Ten thousand shares of the capital stock of the reorganized Central Trust Company had been deposited in pledge with the Citizens Fidelity Bank & Trust Company of Louisville, Kentucky, to guarantee the payment of any balance due to the depositors on Special Certificate No. 10. The petitioner advanced five plans to be pursued in obtaining the sums required to complete the payment of Special Certificate No. 10 and prayed for the advice and direction of the court. The Citizens Fidelity Bank & Trust Company filed an intervening petition in which it sought the advice and direction of the court with respect to the procedure which should be followed by it in carrying out its duty as trustee, and particularly in respect to the manner of advertising and conducting the sale of the

shares of stock of the Central Trust Company held by it in the event a public sale should be ordered. On August 29, 1945, a judgment was entered directing the trustee to sell at public outcry so much of the pledged stock held by it as might be necessary to realize the sum of $44,229.60. Among other provisions the judgment contained the following: "That Citizens Fidelity Bank & Trust Company, Trustee, be and it is ordered and directed to sell enough of said capital stock of said Central Trust Company to produce the sum of $44,229.60 at public outcry at the courthouse door in Owensboro, Kentucky, on some date and hour fixed by it, after having advertised such sale in the manner hereinafter set forth. In making said sale the Trustee shall announce at the sale that it has been ordered to sell enough of the capital stock of said Central Trust Company to raise the sum of $44,229.60; and the Trustee shall then invite and receive bids as to the number of shares for which bidders will be willing to pay the sum of $44,229.60 and the bid of the bidder who offers to take the smallest number of shares and pay therefor the sum of $44,229.60 shall be accepted subject to the following alternative; thereupon the Trustee shall offer for sale at public outcry, to the highest and best bidders, shares of the capital stock of said Central Trust Company in blocks of one hundred each and a final block of less than one hundred shares if necessary, and for each block the highest bid shall be accepted tentatively until such bids aggregate the sum of $44,229.60, after which the Trustee shall compare the number of shares so sold in blocks with the number of shares for which the successful bidder at the first sale offered to pay the sum of $44,229.60, and the method of sale which produced the sum of $44,229.60 by means of the sale of the fewer number of shares shall be finally accepted."

The trustee fixed October 17, 1945, as the date of the sale. E. K. Short, a member of the Board of Directors of the Central Trust Company, and James C. Ellis were competing bidders under the first of the two alternate offers of sale directed to be made by the court. Ellis finally bid $44,229.60 for 3999 shares and Short bid the same amount for 3950 shares. The auctioneer then offered the stock under the second or 100 share lot method of sale, but under this method it was necessary to

sell 4423 shares in order to realize $44,229.60. The auctioneer then declared Short to be the purchaser of 3950 shares under the first or block method of sale. It appears that after the bidding under the first method of sale had closed and during the bidding under the second method, James C. Ellis offered $44,229.60 for 3600 shares and after the auction had been completed offered the same amount for 3400 shares. On October 23, 1945, Ellis filed an intervening petition in which he sought an order directing the trustee to deliver to him 3400 shares of the stock for $44,229.60 upon the ground that he was the best bidder at the sale. Short and the trustee answered, denying all of the material allegations of the intervening petition. Later L. Mahlinger, a stockholder, and J. R. McGary, a depositor of the Central Trust Company, filed intervening petitions in which they asked that Ellis be adjudged the purchaser of 3400 shares of stock and if this could not be done that the sale be set aside. The material allegations of these intervening petitions were controverted of record. A trial on the issues made was had on February 19, 1946, and proof was heard orally by the court. The case was submitted and briefs were filed. On September 16, 1946, at the regular September term of the Daviess Circuit Court the chancellor dismissed the intervening petitions of Ellis, Mahlinger and McGary, and they have appealed.

The appellees filed a motion to strike the Transcript of Evidence and the motion was passed to the merits. Appellees earnestly insist that the motion should be sustained because the Transcript of Evidence was not timely filed and no bill of exceptions was ever filed. Evidence heard orally by the court in an equity action must be made a part of the record by a bill of exceptions prepared in the same time and manner as in ordinary cases (Watlington v. Kasey, 300 Ky. 244, 188 S. W. 2d 427; Asher v. Nuckols, 253 Ky. 223, 69 S. W. 2d 331), and, even though the bill of exceptions is filed in time but the transcript of evidence is not, the evidence will not be considered. McFall v. Burley Tobacco Growers Cooperative Ass'n, 271 Ky. 778, 113 S. W. 2d 425; Knecht v. Louisville Home Tel. Co., 121 Ky. 492, 89 S. W. 508. In the case before us the evidence was heard orally by the court pursuant to an agreed order which read: "* * * by agreement it is ordered

that the evidence to be heard upon the trial of this action shall be heard orally before the Court, and that Marvin Miller, Official Court Reporter of this Court, be and he is ordered and directed to take the evidence in shorthand heard upon the trial of this action.''

The judgment was entered September 16, 1946, during the regular September term of the Daviess Circuit Court. The judgment concluded as follows: ''On motion of the intervening petitioners, and without objection, Marvin Miller, Official Court Reporter of this Court, is now ordered and directed to transcribe and file herein all the evidence taken upon the trial of this action.''

No bill of exceptions was ever prepared or filed. After the expiration of both the regular September term of court and the regular October term of court, the court reporter, on November 20, 1946, during vacation, tendered to the clerk the Transcript of Evidence, but the clerk refused to accept and file it. On December 4, 1946, at the regular December term of court, the appellants tendered affidavits which sought to excuse their failure to make the evidence a part of the record and moved that the Transcript of Evidence theretofore tendered by the court reporter be filed. The court overruled appellants' motion to file the affidavits, but permitted them to be made a part of the record for purposes of appeal. The court directed that the Transcript of Evidence be filed, but declined to approve or certify it. The substance of the affidavit of the attorney for the appellants is that it was his impression that the entry of the orders heretofore quoted ''eliminated any question of causing the stenographer or counsel in the case to be on terms as to the time of the filing of the Transcript,'' and that the evidence was to be filed by the official stenographer as a part of the record as depositions would have been filed if they had been taken. He also stated it was his impression that this was the understanding of all the parties present when the orders were entered. The attorneys for the appellees have tendered their affidavits denying that there was any such understanding, and the affidavit of the judge who presided at the trial in which he stated that he was not aware of any such agreement between counsel. Mr. O. L. Fowler, one of the active attorneys for the appellees, met his death in an unfor-

tunate accident early in 1947. If he were living, he might be able to throw some light on the question, but the record as it stands, even if the affidavits be considered, wholly fails to show the existence of an agreement dispensing with the necessity for a bill of exceptions, or extending the time for its filing. The orders relied upon by appellants were merely routine and customary orders in compliance with the provisions of KRS 28.430. It follows that the motion to strike the Transcript of Evidence must be sustained.

The allegations of the intervening petitions were denied in a reply or controverted of record, thus putting in issue everything claimed in the petitions. The pleadings support the judgment, and it is affirmed.