## Harlow et al. v. Hamilton et al.

November 4, 1949.

Troy D. Savage for appellants.

Duncan & Duncan, Flowers & Pritchard and Russell Jones for appellees.

STANLEY, COMMISSIONER—Affirming.

The petition in equity charges trespass by drilling wells and taking oil from a certain area, asks an injunction and an accounting. The answer is a traverse, sets up title and right of the defendants and asks all relief to which they may be entitled. The issue was one of priority of title to the particular area as between the owners of the land, the original grantors of the oil and gas leases. The witnesses testified in person before the court. Judgment was rendered in favor of the defendants at the March term, 1948. A bill of exceptions accompanied by the stenographer's transcript of evidence was filed at the following July term of court. There had not been any order extending the time for filing the bill of exceptions or the transcript of evidence.

In equity cases where the evidence is heard orally instead of being presented to the court as depositions, the transcript of the evidence must be prepared and filed as a bill of exceptions. Duvall v. Marshall, 280 Ky. 81, 132 S. W. 2d 511. Under the terms of Sections 334, 337, Civil Code of Practice, it is necessary that the bill of exceptions be filed at the term at which the judgment is rendered or an order seasonably entered extending the time for filing the same. The provision is mandatory. Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178; Garrett v. Caldwell, 269 Ky. 326, 107 S. W. 2d 297. No objection was made in the present case to the filing of the bill. There may be a waiver of the right to object

to the granting of time to file the bill. Vertrees v. Head and Matthews, 138 Ky. 83, 127 S. W. 523. But if no extension has been granted in accordance with the provision of the Code, the court has no authority to receive the same and the adverse party does not waive the absence of authority by failing to object to the filing of the record. Louisville Railway Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077; Siler v. Commonwealth, 197 Ky. 278, 246 S. W. 794.

The better way for the opposing party to reach the error in the proceeding is to file a motion in this court to strike the bill or transcript. That is the usual practice. But we have established the rule that if the Court's attention is called to the irregularity, we must disregard that part of the record. Harp v. Prudential Insurance Company of America, 261 Ky. 295, 87 S. W. 2d 595; Ellis v. Central Trust Co. of Owensboro, 307 Ky. 794, 211 S. W. 2d 818.

The result is that we have only to consider whether the pleadings support the judgment. It is apparent that they do. Therefore, the judgment must be and it is affirmed.