## Warders v. Louisville & Nashville R. Co.

December 9, 1949.

674

Crumlin & Carroll for appellant.

James P. Helm, Jr. for appellee.

CHIEF JUSTICE SIMS—Affirming.

Florence Warders brought this action against the Louisville & Nashville Railroad Company to recover $5000 compensatory and $5000 punitive damages alleged to have been sustained by her by reason of the Company's conductor in Cincinnati, Ohio, refusing to let her board a coach reserved for white people, and compelling her to ride in the coach reserved for colored people. The petition averred appellant is a negro; that she bought a ticket in Cincinnati, Ohio, to Louisville, Kentucky, and as an interstate passenger the Company was without authority to segregate her; that she was

humiliated and embarrassed by such treatment and became nervous and ill therefrom.

The answer was a general denial followed by an affirmative plea that KRS 276.440 and the Company's rules require the segregation of white and colored passengers in this State.

A trial resulted in a verdict for the Company and this appeal followed.

At the outset of appellee's brief our attention is directed to the fact that appellant did not file her bill of exceptions containing the evidence and the instructions within the time provided by statute. Appellee insists that the bill should not be considered as a part of the record, and then the only thing left for our consideration is whether or not the pleadings support the judgment entered on the verdict in favor of the Company.

In courts of continuous session bills of exceptions must be prepared and be presented to the judge within 60 days after the making of the order excepted to, or within 60 days after the judgment excepted to becomes final, unless further time is given, but the time may not be extended beyond 120 days after the judgment becomes final, KRS 451.150.

In the instant case the motion for a new trial was overruled on July 2, 1948, and appellant was given 60 days in which to file her bill of exceptions. This 60 days expired on Aug. 30th, and it was not until Sept. 2nd, that the court granted appellant an additional 60 days to file her bill. Courts of continuous session have control over their orders for only 60 days and have no jurisdiction to file a bill tendered after that time, unless within the 60 day period they grant further time. Bailey v. Rennert, 213 Ky. 262, 280 S. W. 1103; Northcutt v. Nicholson, 246 Ky. 641, 55 S. W. 2d 659.

Here, the 60 days had expired within which appellant was given to file her bill and after the expiration of that time the court was without authority to extend the time further for filing the bill.

No objection was registered in the case at bar to appellant being late in filing her bill. We have written the right to object to the granting of time to file a bill

may be waived where opposing counsel is in court and examines the bill. Walling v. Eggers, 104 S. W. 360, 31 Ky. Law Rep. 1009. But where no extension has been granted as provided by statute, the court is without authority to receive the bill and the opposing party does not waive the lack of the court's authority by failing to object. Louisville R. Co. v. Wellington, 137 Ky. 719, 126 S. W. 370, 128 S. W. 1077; Siler v. Com., 197 Ky. 278, 246 S. W. 794; Harlow v. Hamilton, 311 Ky. 354, 224 S. W. 2d 162.

As was pointed out in the Harlow opinion, the better and usual mode of practice in instances like this is to file a motion in this court to strike the bill of exceptions. However, the well-established rule is that where this court's attention is called to the fact that the bill was not filed in time, we disregard the parts of the record contained in the bill. Ellis v. Central Trust Co. of Owensboro, 307 Ky. 794, 211 S. W. 2d 818.

After disregarding the bill of exceptions, the only question left for us to consider is whether the pleadings support the judgment. As there was a general denial of the averments of the petition, it is evident that the pleadings do support the judgment in behalf of the Company.

The judgment is affirmed.