[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff seeks a temporary injunction in the form of an order directing the defendant, the Maurer Real Estate Company, Inc. (Maurer), to turn over to the plaintiffs; the sum of $190,000 plus interest. This represents the down payment placed with Maurer by the defendants on or about June 2, 1995 when they entered into a sale contract with the plaintiffs to purchase real property owned by the plaintiffs located at and known as 17072 Middle Beach Road in Madison. The plaintiffs allege they were at all pertinent times ready, willing and able to convey the property but the defendants defaulted and sought to renegotiate the purchase price.
When the defendant Maurer refused to turn the deposit over to them, the plaintiffs brought this action in eight counts and by way of an order to show cause requested the injunction. Only the plaintiffs Harold F. Cowles and Marilyn Maurer testified at the hearing on the temporary injunction.
The sale contract provided that in the event of default, the deposit would become nonrefundable and ". . . the Buyer shall forfeit all claims to the premises and all sums paid pursuant to paragraph 2.a., aforesaid, as liquidated damages for the breach of this Agreement and thereupon all rights and obligations of either party to the other shall cease and determine."
The defendant Maurer has filed a counterclaim and a cross claim addressing its commission, directed against Harold and Jean Cowles, the plaintiffs, and James Elesh, the defendant. In the course of the hearing on the temporary injunction, all parties agreed that the escrow funds held by Maurer cannot be the subject of a setoff toward the real estate commission claimed by Maurer. CT Page 4082-A
 I.
While it is unusual for a court to order money to be paid as part of an injunction order, it has been done where the funds were contractually set aside and designated for a particular purpose. Harvey v. Daddona, 29 Conn. App. 369 (1992); United MineWorkers of America, Etc. v. Jones, 162 S.W.2d 17 (1942).
In the latter case, cited by the plaintiffs, the court states that an injunction:
 . . . is a proper remedy where a fund has been collected for a specific purpose and under a contract which provides the money can be disbursed only in the manner and forms as therein directed. Id. at p. 19.
In this case, the $190,000 deposit was placed in escrow with Maurer for the specific purpose of protecting the plaintiffs in the event of a default. And, in this case, there is an element present which the court cannot ignore. That is the statement by counsel for the defendant Elesh to the effect that her "client's reasoning for not going through with this closing was purely economic, . . ." This is a virtual concession that Elesh has no claim to the deposit. While counsel goes on to argue that the dispute over the commission is the basis for continuing the escrow arrangement, the fact remains that the escrow agreement set aside these funds for a specific contractual purpose. The court sees the plaintiffs' claim as liquidated. Elesh's claim is questionable at best.
The court notes Maurer alleges a claim against both Elesh and the plaintiffs. That issue is relatively simple and clear cut and does not require the sum everyone concedes is due to the plaintiffs to be tied up so that Mr. Elesh has a better bargaining position.
These considerations alone would appear to be sufficient to invoke the equitable powers of the court in favor of the plaintiffs.
 II.
The defendant Elesh argues injunctive relief is inappropriate because the plaintiffs have shown no irreparable harm. The court disagrees. CT Page 4082-B
The plaintiffs have lost the use of $190,000 and have incurred additional expenses as a result. At the same time, the plaintiffs' damages for the breach of the contract of sale are limited by the contract, while this defendant is steadily depleting the sole asset available to the plaintiffs for a recovery by prolonging this litigation. Meanwhile, the defendant and his assets may be out of reach of legal process by virtue of his out of state residence -should the plaintiffs decide to pursue him despite the liquidated damages clause.
The court sees these plaintiffs as having already suffered losses they will not, in all likelihood, be able to recover.
 III.
The defendant Elesh also argues that the liquidated damage clause is void and unenforceable, unjustly enriching the plaintiffs. The plaintiffs have cited numerous Connecticut cases to rebut this contention. The court finds Handy v. Morris,1990 Conn. Super. LEXIS 619 (Hodgson, J.) (May 14, 1990) precisely on point.
This argument is particularly inappropriate to this case where Mr. Cowles has testified as to some of his actual losses.
 IV.
It is also the conclusion of the court that the interest accrued on the escrow account is properly payable to the plaintiffs. The court enunciated the basis for its position during oral argument, viz., that interest which accrues on escrowed funds should be awarded to the party which establishes its right to fund itself. The plaintiffs cite a concurring opinion to that effect in Hanson v. Kumor,1995 Conn. Super. LEXIS 2893 (Meadow, J.) (Oct. 13, 1995).
Conclusion
The plaintiffs' Application for a Temporary Injunction is granted and the defendant Maurer is ordered to forward to plaintiffs' counsel a bank or certified check for the amount on deposit ($190,000) plus accrued interest.
Having concluded that the plaintiffs have demonstrated a CT Page 4082-C likelihood of success in the underlying action, the court will only require the plaintiffs to post a recognizance in the amount of $1,000 as a guarantee it will prosecute this action to a conclusion.