## Piersall v. Piersall.

May 28, 1948.

William Hays and J. Smith Hays for appellant.
Rodney Haggard and D. L. Pendleton for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

On the former appeal of this case the judgment was reversed principally because the allowance for alimony as made contravened KRS 403.060 in that it divested the husband of fee simple title to real estate. For opinion in that case see Piersall v. Piersall, 302 Ky. 486, 194 S. W. 2d 627, 629. The opinion therein directed the chancellor to "determine what sum, if any, is due Mrs. Piersall as lump sum alimony as of the time the original judgment was entered, and he will further determine what sum should be paid by the husband monthly for the maintenance and support of his son."

It will further be observed in that opinion that the evidence was stricken. The proof having been heard orally before the chancellor, no Bill of Exceptions was prepared and filed. However, pursuant to the directions in the opinion, the transcript of evidence formerly taken was incorporated in the record here and we now have before us the evidence in the former appeal and the additional evidence taken after the reversal.

Upon hearing, the chancellor awarded lump sum alimony in the sum of $2500, with interest at 6% from December 6, 1943; $10 per week for the support and maintenance of the infant child; and a fee of $500 for appellee's counsel.

In reading brief of appellant it is difficult to ascertain upon what grounds he is asking a reversal. There seems to be a general complaint that the whole thing is wrong and he is unable to pay the $2500 lump sum alimony. There is reference in the brief to the amount allowed; the amount appellant earns; the value of land that he holds; and the fact that each of the parties had married again. Considerable time is devoted to a discussion of appellant's good character, honesty, sobriety, and industry. He complains considerably that if the judgment is allowed to stand he will have to pay another man's wife $2500; her attorneys $500; and $10 a week maintenance for his own child. It will be noted that the testimony pertaining to the good character, sobriety and industry was from witnesses who knew him and testified about him during times they knew him, all of

which was after the time the charges, as a foundation for divorce, were made by appellee.

There is no necessity to recite here the long list of facts and sequence of events leading up to the divorce. The divorce was granted appellee and under the evidence she was entitled to alimony.

There is not much stress put upon the complaint about the attorneys' fee of $500, and no particular complaint is made about the payment of maintenance to the infant. We see no reason to disturb the finding of the chancellor concerning those matters.

It will be noted in the former opinion the court below allowed as alimony ½ of the farm which was valued at from $7000 to $10,000. Upon return of the case she was allowed only $2500. The cause was returned with the direction that the chancellor determine what sum, if any, is due as lump sum alimony as of the time the original judgment was entered. We recognized then, as we recognize now, that the amount is within the discretion of the court and unless that discretion is abused we will not disturb the finding of the chancellor.

Wherefore, the judgment is affirmed.